BENEDICT, HALL & CO. v. HENRY G. HALL.

*Notary Public -- Affidavit for Order of Arrest.*

1. A non-resident Notary Public has no authority to take an affidavit to be used in the Courts of this State. (Bat. Rev. ch. 76.)
2. But where an order of arrest was made upon such affidavit, and a counter affidavit was filed by the defendant, and a supplemental one by the plaintiff which was *duly* verified; *Held*, That the Judge below erred in vacating the order.

(*Clark* v. *Clark*, 64 N. C. 150, cited and approved.)

MOTION to vacate an Order of Arrest obtained in an action brought in CUMBERLAND Superior Court, heard at Chambers on the 26th of December, 1876, before *Buxton, J.*

The plaintiff firm, doing business in the city of New York, sold a bill of goods to the defendant to a considerable amount, and claimed that there was still due the sum of $1,741.76.

It was alleged that the defendant represented himself as having a surplus of assets over liabilities amounting to $18,350, by means of which he obtained a false and fictitious business credit. The plaintiffs, in their demand for judgment, asked that defendant be adjudged guilty of fraud in contracting said debt, and also in removing and disposing of his property with intent to defraud his creditors. The defendant in his answer stated, among other things, that he was entitled to further credits upon said debt; that the representations made as to his assets were true at the time

8

they were made and he denied having disposed of his property with intent to defraud the plaintiffs or any of his creditors.

Upon affidavit of plaintiffs the defendant was arrested and filed a counter affidavit, and thereupon the plaintiffs replied with a supplemental one. The Clerk vacated the order as being improvidently granted, on the ground; 1. "Because H. L. Smith, a Notary Public of the State of New York, before whom the affidavit of plaintiff was made, was not authorized by the laws of this State to take affidavits to be used in the Courts of this State; 2. Because the affidavit does not comply with the provisions of the C. C. P. relating to verification of pleadings, it being sworn ' to the best of the knowledge, information and belief' of the affiant, instead of being sworn to as prescribed in section 117 of the Code."

From this ruling the plaintiffs appealed to the Judge of the District, who affirmed the order of the Clerk. Appeal by plaintiffs.

*Messrs. Merrimon, Fuller & Ashe,* and *W. A. Guthrie,* for the plaintiffs.

*Messrs. J. C. McRae* and *J. W. Hinsdale,* for the defendant.

RODMAN, J.   We agree with the Probate Judge and with the Judge of the Superior Court, that the affidavit on which the order of arrest was made was defective in the two particulars pointed out by the Probate Judge.

A Notary Public is recognized by the universal law of civilized and commercial nations. But his powers are confined to the authentication of commercial papers and to the protesting of bills of exchange and the like.

The Act, Bat. Rev. ch. 76, is evidently confined to Notaries Public in North Carolina, and a Notary Public resident out

of the State has no authority to take affidavits to be used in the Courts of this State.

If the defendant had moved to vacate the order of arrest for these defects, without filing counter affidavits, we think that his motion should have been allowed.

But he filed counter affidavits and thus opened the door to the plaintiff to file affidavits supplemental to his original one, which were duly verified. The case was thus brought within the decision in *Clark* v. *Clark*, 64 N. C. 150.

The Judge was therefore in error in vacating the order of arrest for the reasons assigned by him. We have considered those reasons only.

Judgment reversed and case remanded to be proceeded in, &c.

Let this opinion be certified.

PER CURIAM.                              Judgment reversed.