M. FRANK PAIGE v. H. PRICE & CO. and others.

*Practice--Arrest and Bail--Sufficiency of Affidavit.*

In an action for arrest and bail, the affidavit of the plaintiff alleged the existence of a cause of action and the fraud committed by defendants in contracting the debt, and that upon information and belief they had fraudulently removed and disposed of their property; *Held* to be sufficient to justify the order of arrest.

(*Hall v. Hall,* 76 N. C. 113, cited, distinguished and approved.)

APPEAL from a Judgment vacating an Order of Arrest, made at Spring Term, 1877, of CUMBERLAND Superior Court, by *McKoy, J.*

The case is sufficiently stated by THE CHIEF JUSTICE in delivering the opinion of this Court.

*Mr. R. S. Huske,* for plaintiff.

*Messrs. MacRae & Broadfoot* and *G. M. Rose,* for defendants.

SMITH, C. J. This is an appeal by the plaintiff from a judgment vacating an order of arrest, previously made and discharging the bail bonds which had been given.

The order of arrest was based upon an affidavit of the plaintiff in these words:—

"M. Frank Paige  
against  
Hannah Price, Abraham Elson,  
partners as H. Price & Co.  
William Price & Simon Brandt.

1. M. Frank Paige being duly sworn, says that he is the plaintiff above named; that a sufficient cause of action exists in his favor against William Price, Hannah Price, Abraham Elson and Simon Brandt, the grounds of which appear by the sworn complaint in this action hereto annexed, all the

statements contained in which complaint are true to the best of his knowledge, information and belief of this affiant.

2. That said defendants have been guilty of fraud in contracting the debt for which this action is brought, the particulars of which are set forth in the complaint of the plaintiff.

3. That the defendants have, as this affiant is informed and believes, removed and disposed of their property with the intent to defraud their creditors.

4. That the plaintiff has commenced an action in this Court against all of the defendants upon the cause of action stated in the complaint.

M. FRANK PAIGE.

Subscribed and sworn to before me the 11th day of December, A. D., 1876, at the city of Boston, in the county of Suffolk and State of Massachusetts.

JAS. B. BELL, Commissioner
of Deeds for the State of
{ SEAL. } North Carolina, residing in
Boston."

The plaintiff in his affidavit alleges a sufficient cause of action to exist,—the fraud committed by defendants in contracting the debt,—and that upon information and belief, they have fraudulently removed and disposed of their property; thus separating the facts that are within his knowledge from those which are stated upon information and belief, and makes oath that the statement is true.

This in our opinion meets the requirements of the Code of Civil Procedure § 151, and justifies the order of arrest.

The case of *Benedict, Hall & Co.* v. *Hall*, 76 N. C. 113, relied on to sustain the ruling of the Judge in the Court below, simply decides that a notary public, acting in another State was incompetent under our law to take and certify an affidavit to be used as evidence in the Courts of this State. It

is true the opinion is expressed that the form of verification adopted in that case was essentially defective, yet the point was not involved in the decision of the cause. But without calling in question the correctness of the opinion, our case is plainly distinguishable from that then before the Court; in that, the statement, unconditionally supported by the plaintiff's oath, discriminates between those *facts averred upon knowledge* and *those resting upon information and belief.*

There is error. This will be certified, &c.

PER CURIAM.                                Judgment reversed.