C. J. COWLES v. H. W. HARDIN and others.

*Restoring Records—Verification—Parties.*

1. In a special proceeding under an act of assembly to restore certain records lost by fire or other casualty, it is necessary to conform exactly to all the terms prescribed by the statute ; and where such statute directs that the complaint of the petitioner "shall be sworn to as in other actions," the want of a proper verification is a fatal defect, for which judgment will be arrested.

2. In such a proceeding an affidavit by the agent of the petitioner that the facts set forth in the complaint "are true to the best of his knowledge, information and belief," is an insufficient verification.

3. *It seems* that all persons whose estates may be affected by a proceeding to restore lost records, should be made parties.

(*N. C. Land Co.* v. *Beatty,* 69 N. C. 329; *Hall* v. *Hall,* 76 N. C. 113; *Paige* v. *Price,* 78 N. C. 10, cited, distinguished and approved.)

CIVIL ACTION to recover Land tried at Spring Term, 1878, of WATAUGA Superior Court, before *Cannon, J.*

This proceeding is instituted under the act of December 18th, 1873, entitled "An act to restore the records of Watauga county" Acts of 1873-'74 ch. 19. The summons was served upon the defendants H. W. Hardin and Robert Munday only, at Spring Term 1877, to which the process

was returnable. The plaintiff filed his complaint and therein alleged :—

1. That in 1857 John Horton recovered judgment in Watauga County Court against John and Franklin Cousin, sued out execution under which a tract of land belonging to Franklin Cousin was levied on and sold by the sheriff on the 11th day of November to Robert Munday for a sum which paid the debt.

2. That in the year 1859, J. C. Blair recovered two judgments in the same Court against said Robert Munday and one John Elrod and caused execution to issue thereon under which the land so purchased by Munday was on February the 16th, 1860, sold to Calvin J. Cowles for a sum sufficient to discharge both judgments. Deeds were on both sales made and delivered by the sheriff and they have been proved and registered.

3. That all the records of these suits and the papers belonging to them, as also the registry of deeds in said county were in 1872, or '73 destroyed, so that proof of title can not be made for want of them, and the prayer is that said records and papers be restored as provided in the act.

The complaint is verified in the following form: J. D. Cowles agent of the plaintiff makes oath that the facts herein stated are true to the best of his knowledge, information and belief. Sworn to and subscribed, J. D. Cowles, agent, before me J. H. Hardin, C. S. C. The defendant Hardin demurs to the complaint and assigns as causes of demurrer:—The want of service of the summons on the defendants Francis Pearce and wife Elizabeth ; the omission of the complaint to show any connexion between the defendant Hardin and the matters in controversy; that John and Frank Cousin and J. C. Blair and J. Elrod are necessary parties to the action; and that the form of verification of the complaint is insufficient under the statute. The demurrer was overruled and leave having been given to

answer and no answer filed, the Court gave judgment grant-
ing the relief asked, from which the defendants appealed.

*Mr. G. N. Folk*, for plaintiff.
*Messrs. Merrimon, Fuller & Ashe*, for defendants.

SMITH, C. J. (After stating the case as above.) It may
be that the persons whose lands are alleged to have been
sold under the executions and the title to which this pro-
ceeding is intended to perfect, ought to be parties, as "*being
interested in the subject matter*," in the words and within the
meaning of the act, and we are disposed to think they should
be. The complaint seems also obnoxious to the objection
of duplicity, in associating distinct and independent causes
of action in which there must be defendants having no
community of interest. *N. C. Land Co.* v. *Beatty*, 69 N. C.
329. But the exception is not taken and we will not fur-
ther consider it.

The last assigned cause of demurrer, more properly an
objection to the rendition of judgment after the overruling
of the demurrer, must be sustained. The proceeding is
special and the essential requirements of the statute must
be observed. It directs " that the complaint shall be sworn
to as is prescribed in other actions." The Code prescribes
how this must be done. §§ 116, 117. The oath must be to
the effect that the complaint or other pleading to be veri-
fied " is true to the knowledge of the person making it except
as to those matters stated on information and belief and as
to those matters he believes it to be true."

The affidavit may be made by an agent or attorney when
the action or defence rests " upon a written instrument for
the payment of money only" and such instrument is in his
hands, or the material allegations lie within his personal
knowledge, and in such case the affidavit itself must show
the knowledge or the ground of his belief and the reasons

why it is not made by the party himself. These require-
ments are disregarded entirely in the present mode of veri-
fication, and the form of the oath is such a departure from
that prescribed, that it has already been declared insuffi-
cient, *Benedict, Hall & Co.* v. *Hall*, 76 N. C. 113, and is not
warranted by the decision in *Paige* v. *Price*, 78 N. C. 10.　It
is unnecessary to notice any other points presented in the
record.　The Court ought not to have proceeded to final
judgment until the complaint was sworn to, and in this
there is error.　The cause will be remanded to the Superior
Court where application may be made for amendments and
further proceedings had therein according to law.

　　Error.　　　　　　　　　　　　　　　　　　Reversed.