### PATRICK KENNEY *vs.* JOHN B. INGALLS & others.

Suffolk.  Nov. 13, 1878. — April 8, 1879.  COLT & MORTON, JJ., absent.

An assignee in bankruptcy has no better title than the bankrupt, except in goods conveyed in fraud of creditors.

If goods are sold on the condition that they shall be paid for by the promissory note of the purchaser "satisfactorily indorsed" by a third person, the taking of the note by the seller without indorsement, on the promise of the purchaser that the indorsement should be furnished, and making no subsequent demand for such indorsement, and failure to return the note, do not, as matter of law, amount to a waiver of the condition.

REPLEVIN of five cases of felt cloths. The writ, dated September 7, 1877, was originally brought against the defendant Ingalls alone, who attached the goods as a deputy of the sheriff of Suffolk, on a writ against John A. S. Graves and Wyman E. Abercrombie, copartners, doing business under the name of Graves & Abercrombie. Graves & Abercrombie filed a petition in bankruptcy on September 11, 1877, and their assignees were allowed to become parties defendant.

At the trial in the Superior Court, before *Putnam*, J., the jury returned a verdict for the plaintiff; and the assignees

allegea exceptions, the material parts of which appear in the opinion.

*E. P. Brown,* for the assignees.

*S. J. Thomas,* for the plaintiff.

LORD, J. There was no error in the ruling of the presiding judge which was prejudicial to the defendants.

There does not appear to be any substantial difference between the real parties to this controversy as to the facts out of which it arises. It is agreed by both of them that there was to be a sale by the plaintiff to Graves & Abercrombie of the goods replevied, and that they should be paid for by the note of Graves & Abercrombie, satisfactorily indorsed by a third party. The plaintiff's agent uses the language in his testimony that the sale was upon "these conditions." Graves, the purchasing party, does not use the word "condition," but instead thereof states that the sale was upon the understanding that such indorser was to be furnished; "that this was the understanding between them always, all the way through, and at the time when the note and receipts were given; that afterwards they found themselves in difficulty and could not get the indorsement."

The purchasers failed in business within a very few days of the transaction, and, within three weeks of the purchase, filed their petition in bankruptcy, and the present defendants were duly chosen their assignees, and contend that the property, as the property of Graves & Abercrombie, vested in them by force of the assignment in bankruptcy. Under these circumstances the question arises as to the rights of the assignees in the property in question.

The recent case of *Dugan* v. *Nichols,* 125 Mass. 43, following the decision of *Donaldson* v. *Farwell,* 93 U. S. 631, decides that the assignee takes only the estate of the bankrupt, and that, "if the property has not been conveyed in fraud of creditors, the assignee has no greater interest in or better title to it than the bankrupt."

There is no element of fraudulent conveyance in this case, and the precise question is who, as between the plaintiff and Graves & Abercrombie, is entitled to the property. No question arose as to the revocation of a sale which both parties understood to be complete, and therefore no question could arise

as to whether the revoking party had put the other in the same condition as before the sale. The transaction as agreed by all was still inchoate. The view taken by the presiding judge, that the sale might be deemed to have been a conditional sale, was quite as favorable to the defendants as the facts warranted.

The defendants, however, requested the judge to rule, and now contend, as matter of law, that the condition had been waived by the plaintiff, and that the sale had become absolute. Whether there has been a waiver is to be determined by the jury upon the facts proved. There may be such a state of facts that the court would be called upon to instruct the jury, as matter of law, that there had been a waiver. Ordinarily, however, the question of waiver involves so much the intention and purpose of a party, which are to be inferred from facts proved, that it is necessary to submit the question to a jury. In the present case, the presiding judge had certainly no authority to tell the jury, as matter of law, that the facts proved showed conclusively a waiver of the condition. The phrase used by Graves, that that was the understanding " all the way through," must mean that such understanding existed from the time of the purchase to the time of their bankruptcy, and up to the time when "they found themselves in difficulty and could not get the indorsement." The plaintiff's agent testified that, on September 3, he called upon Graves for the indorsed note. Graves replied that he was very busy and was unable to see the party that day, but wrote a promissory note, handed it to the agent, and said, "Bring it in in a day or two and I will have it indorsed," and two days afterwards, on September 5, he learned that Graves & Abercrombie had suspended payment, from the fact that the teamster brought back five cases of goods undelivered, the whole number of cases bargained for being twenty-five cases, eleven of which had been delivered prior to the five cases which were thus returned; and the only act in relation to the subject which appears to have been done by the plaintiff's agent, after learning of the suspension, was to telegraph to the plaintiff at Providence and wait until the plaintiff came to Boston; he sued out a writ of replevin which by its date was on September 7, and served on September 8. It was certainly sufficiently favorable to the defendants to submit to the jury, upon such facts, the question whether there had been

a waiver of the condition. It appears by the bill of exceptions, also, that the presiding judge instructed the jury " fully as to what constituted a conditional sale, and how the condition might be waived, which instructions were not excepted to."

The bill of exceptions states further, that the judge then read to the jury the assignees' requests for instructions, and instructed them that all the facts stated or alluded to in the requests were proper subjects for them to consider in determining the question; but inasmuch as no specific ruling is stated, nor any exception taken to any specific ruling, the only question which we can pass upon is whether the requests, or any one of them, should have been given in the words stated; and there is no one of the several requests which the presiding judge might not properly modify, and which we must presume he did modify in the full instructions which he gave upon the question how the condition might be waived.

The first instruction requested is not applicable to the facts of the case, and the others seem to us to present but two questions of law: first, whether the failure to return the note which the plaintiff received without indorsement is in law conclusive evidence of a waiver of his right to an indorser ; and second, whether the taking of the note without an indorser upon the promise that one should be furnished, and making no subsequent demand for an indorser, is conclusive evidence in law of a waiver of the right to such indorser. Certainly neither of the propositions can be maintained. The circumstances under which the note is taken, the object and purpose of taking it, the facts and circumstances immediately transpiring, the condition and standing of the parties, the knowledge of the purpose of Graves to furnish such indorser all the way through, the fact that he became unable to procure an indorser so immediately after the promise, the knowledge of the plaintiff of that fact, and many other circumstances which might have influenced the conduct of the plaintiff, were all proper to modify and qualify the acts of the plaintiff and the effect of such acts ; and it would have been improper for the presiding judge to have stated to the jury that a single naked act, thus susceptible of explanation and qualification, must be deemed in law an actual waiver of his right.

*Exceptions overruled.*