Fox, D. J.
The established rule is that except in cases of attachment against the property of the bankrupt, within a prescribed time, preceding the commencement of proceedings in bankruptcy, and except in cases where the disposition of property by the bankrupt is declared by law to be fraudulent and void, the assignee takes the title subject to all equities, liens or encumbrances, whether created by operation of law, or by act of the bankrupt, which existed against the property in the hands of the bankrupt. 95 U. S. S. 0. B.766 ; Yeatman v. Savings Institution, 93 Otto, 634. If there be no such liens, and the property has not been convoyed in fraud of creditors, the assignee has no greater interest in or better title to it than the bankrupt. Kenny v. Ingalls, 126 Mass. 488.
It is alleged in the bill that the notes which were the *456 causes of action upon which the judgment of Sunderland v. Jacob C. Baker were had were without consideration. Whether the assignee is now in a position to present this objection to the judgment it is not necessary to determine, as the evidence establishes that the present defendant was a bona fide bolder of each of them, hai ing paid full value therefor.
It is also claimed that William J. Sunderland, the plaintiff, never existed; that he was a false and fictitious party; but these allegations are contra,dieted by the defendant’s answer, which avers that she, through her counsel, transferred and delivered the notes to Sur.derland, a citizen of New York, and as she is informed and believes, Sunderland afterwards brought said suit upon said notes in the circuit court of Maine. The record of the judgment establishes the existence of the plaintiff, prima facie, at lea,st, and the testimony as to his name not being found on the New York directories for a nuin-ber of years is not sufficient to establish the contrary. That prior to the compiencement of that suit a person claiming to be William J. Sunderland, of New York, did authorize the commencement of that suit, in his name, the court has no question, and it is equally clear that he had no interest in the claims thus to be collected from these negotiable securities, which were indorsed and transferred to him by Mrs. Baker, without any pecuniary or valuable consideration. His name was used to give the circuit court jurisdiction, and the only party beneficially interested in the claim was the respondent, Mrs. Baker, who received nothing for the transfer of these securities, and who still continued the equitable owner of them.'
It is insisted that such proceedings were fraudulent, and that through this fraud the jurisdiction of the circuit court was obtained, which Mrs. Baker could not, in her own name, accomplish, and which was a fraud upon the law thus to procure. As between the parties to that suit it is not apparent that the bankrupt was in any way injured by this proceeding. The demands would be subject to the same defence, whether the action was prosecuted by Mrs. Baker or by Sunderland, he having become the holder of them long after they had *457 become due; and, so far as is disclosed, the same principles of law would control the decision of the circuit court as would have been administered if the case had been tried in the state court. Baker’s rights would have been equally assured to him in one court as the other, and the court cannot discover in what manner any fraud has been practiced upon him by the action being instituted in the circuit court.
From the testimony it is quite certain that Jacob 0. Baker was fully advised about these proceedings, and that the suit against him was to be commenced for his wife’s benefit before the circuit court in the name of Sunderland. No steps were taken by Baker to prevent this course. Ho might easily have defeated it if he had chosen so to do, but on the contrary he assented thereto, if he was not the originator and promoter of the purpose, and he cannot, therefore, in any sense, claim to have been the victim of any fraud by jurisdiction thus obtained. Consensus toilet errorem.
But, it is said, if these proceedings did not in any way defraud Baker, they were a fraud upon the circuit court, and that jurisdiction was thereby devolved upon that court, and it was made to assume jurisdiction, and pass upon the rights of parties when they were both citizens of Maine, and that, within the principles of Barney v. Baltimore, 6 Wall. —, a fraud was practiced upon the court. It is sufficient to say that the course here adopted does not meet with the approval of the court; and, if the objection had been properly taken at the right moment, the circuit court would not have assumed jurisdiction tiras improperly thrust upon it. In that case it is said that when there is a fictitious transfer of property, the grantor retaining all his real interest, and the deed being made merely to give jurisdiction, tlie court will not, under such circumstances, give effect to what is a fraud upon the court, and is nothing more.
The fraud, therefore, in such a case, according to this opinion, is practiced upon the court, and not upon the bankrupt. This objection was one which, so far as the rights of tlie bankrupt are involved, bo could waive or assert as he should think best, and, if be intended to rely upon it, should, by *458 plea, have duly presented the same to the court, or otherwise he would be debarred from, asserting it. This was not done by him. The defence of want of jurisdiction under such circumstances is purely technical, and the bankrupt has chosen not to present it and insist upon it. Creditors of the bankrupt are in no respect damnified by the conduct of the bankrupt. Whatever their rights may have been they are still in full force, and nothing has transpired which can in any way injure any one of the creditors. It is said very often in the books that an assignee in bankruptcy is not estopped by fraud of the bankrupt, but by this is understood a fraud which in some way may prove detrimental to the rights of creditors.
The circuit court has prescribed its rules as to the methods and times at which objections to its jurisdiction must be presented for determination, and if, upon the record as it stands, the court has jurisdiction, a nd the defendant does not, within the rules, make manifest Ills objection, he will be forever estopped from availing himself of it; and so, likewise, will be all other parties who are in privity with such defendant. If a party has in apt words duly averred his citizenship, in an action instituted by him in the circuit court, and the defendant at the proper time fails to controvert it, the question of citizenship is no longer open to inquiry, either on the part of the defendant or any one claiming under him, and according to well-settled principles his assignee in bankruptcy cannot be heard to deny such citizenship of the plaintiff. The case is clearly within the rule hereinbefore stated, as taken from the opinion of the supreme court in Yeapman v. Savings Institution.
If the court is willing to accept the allegations and assume jurisdiction, and hear and determine the cause, all the fraud which has been, perpetrated has been practiced upon the court, and in the present case, in the opinion of the court, each party has been alike involve d in it. The court has thus been induced to act and assume a jurisdiction which it should not have been called upon to do, but the judgment itself is entirely valid, and the rights of the parties cannot be said to *459 have been fraudulently affected by the mutual action of both parties.
The act of 1873 having authorized an assignee of commercial paper, who is a citizen of a state other than that of the defendant, to maintain a suit upon such paper in the circuit court, and the rule which was stated by Judge Story in 5 Mason, (Thatcher v. Winslow,) having been repudiated, and it being now well settled that at common law an action may be sustained upon a negotiable promissory note, indorsed in blank in the name of any party authorizing it, although be may have no interest in the note, and the citizenship of the parties having been duly averred in the action of Sunderland, v. Baker, in the circuit court, and upon the face of the writ, that court having jurisdiction which was not in any way controverted, the judgment rendered in such cause was valid and conclusive upon the defendant thereon, and the complainant as his assignee, so far as the citizenship of Sunderland was involved. This view of the case renders unnecessary any inquiry whether Sunderland was or not a necessary party to this proceeding, if otherwise it might be sustained.
Bill dismissed, with costs.