MARK YOUNG v. W. W. ROLLINS.

*Jurisdiction—Pending of Former Suit—Receiver—Corporation— Affidavit—Verification.*

1. The prior jurisdiction acquired by the pendency of a former action in which an injunction and receivership are sought, will exclude the interference of the court in another suit of which the principal object is the same provisional remedies.

2. When a corporation has become extinct by legislative enactment, and its powers and property transferred to a new corporation substituted for it, the courts have no power, on an *ex parte* application, to appoint a receiver of the assets of the defunct corporation.

3. An order appointing a receiver of the extinct corporation cannot properly be made except in a proceeding to which its successor or substitute is a party.

4. The office of receiver should not be conferred upon a party to the cause.

5. An affidavit upon which an application for a provisional remedy is based, is sufficiently verified when made before a commissioner for this state resident in another state, and authenticated by his official signature and seal.

6. When the defendant in an application for a provisional remedy meet the plaintiffs' allegations by counter affidavits, it is competent for the plaintiffs to support their original affidavits by others to the same effect and in reply to those offered by the defendants.

(*R. R. Co.* v. *Rollins*, 82 N. C., 523; *Childs* v. *Martin*, 69 N. C., 126; *Haywood* v. *Haywood*, 79 N. C., 42; *Page* v. *Price*, 78 N. C., 10, cited and approved.)

APPEAL from an order appointing a receiver and granting a restraining order made at Chambers in a suit pending in McDOWELL Superior Court, by *Gilmer, J.*

By virtue of the act of the general assembly passed on March 13th, 1879, the corporate existence of the Western Division of the Western North Carolina railroad was terminated, and its property and effects vested in the Western North

Carolina railroad company, of which it was the offshoot, to be collected and administered in trust for the benefit of the creditors and stockholders. The validity of the enactment and its force and operation were declared in the action brought by the legislative representative appointee against the late president of the defunct organization on an appeal from the judgment of the superior court of Buncombe, rendered at fall term, 1879, heard and determined at January term following by this court. *W. N. C. R. R. Co.* v. *Rollins,* 82 N. C., 523.

While the cause was pending in the court on February 10, 1880, the present suit was commenced by summons against the several directors, by name, of the said Western Division, the Western Division itself (as a still existing corporation,) and the said Western North Carolina railroad company, issuing from the same superior court, on behalf of the plaintiff and other stockholders, for the purpose of withdrawing the funds of the said Western Division from the said directors, and placing them for greater security under the control and management of a receiver, in order to their ultimate disposition among the parties entitled thereto. On the same day a preliminary motion for the appointment of a receiver and an injunction was made, which after successive postponements protected by a temporary restraining order, during which the cause was removed to McDowell, was heard at Chambers on June 15th, and allowed, an injunction directed to operate until the hearing, and Benjamin Long designated as receiver to take charge of and manage the property of the extinct corporation. From this interlocutory judgment the defendants appeal.

*Messrs. J. M. McCorkle, W. H. Malone* and *G. N. Folk,* for plaintiffs.

*Messrs. Merrimon & Fuller,* for defendants.

SMITH, C. J., after stating the case.   In the mean time G.
M. Roberts, an alleged judgment creditor on March 31st,
1880, also brings suit against the said Western Division for
the like purpose of securing its assets by the appointment of
receivers, the summons issued in which is returnable to fall
term of Buncombe superior court, and was served on the
next day on W. W. Rollins, its late president.   The com-
plaint put in on April 5th, was followed immediately by an
answer in the name of the said Western Division, filed by
him and signed by C. M. McLoud, attorney, both direc tor
and defendants in the preceding suit, and on the 9th of that
month an interlocutory order was made by the judge ap-
pointing those two directors receivers with the usual and nec-
essary powers for the effectual discharge of the duties of their
offices, upon their entering into the bond with surety which
has been given.   The general assembly by another act passed
March 29th, 1880, appointed commissioners on behalf of
the state to sell and transfer " all the right and interest of
the state in and to the railway, stock, property and fran-
chises of the Western North Carolina railroad company,"
on certain terms and conditions therein set out, to certain
persons named as grantees, who on compliance therewith
were required to form and " reorganize the company as a
new corporation by the name of the Western North Caro-
lina railroad company, the details whereof are specified
and set out in the act, and the holders of private stock in
the former were to be allowed a *pro rata* share of the capital
stock in the new and substituted corporation.   This enact-
ment has been accepted and its provisions were carried into
effect by the formation and organization of the new com-
pany without dissent from the private stockholders, as ap-
pears from the evidence of S. McD. Tate, previous to the
making the order and appointment now under review.

With this brief narrative of the material facts, it is quite
unnecessary to look into the voluminous testimony and ex-

hibits, accompanying the transcript, for the purpose of ascertaining the past management of the affairs of the Western Division, since its extinction puts an end to the function of its board of directors and other officers, and renders imperative the duty of providing a proper person to take possession of the resources and to manage them in the interest of creditors and stockholders, and this is done in the act dissolving the corporation.

But the effect of subsequent legislation is also to destroy the administering corporation itself, by its absorption with all its property, effects and franchises into the successor company of the same name, formed under the act, and the consequent extinction of the corporate life of the former.

So then at the time when the order under consideration was made, there was no receiver or representative in existence, and it was both necessary and proper that one should be appointed.

We thus meet the question of the effect of the prior action of the court in making the appointments for a similar purpose in the subsequent suit brought by Roberts, upon the power of the court to make the order in the present case. We have no hesitancy in declaring it inoperative to affect the present proceedings and for reasons we shall briefly assign.

1. The order was *ex parte*, the corporation defendant having ceased to exist, and no one being competent to act in its behalf and represent it.

2. The living trustee, the Western North Carolina railroad company in whom the rights of the Western Division were then vested, *was not a party and yet was a necessary party to the attempted action.*

3. The prior jurisdiction over the subject matter acquired by the present action and the pending and undecided motion for an injunction and a receiver, exclude the interference of the court in another, and especially at the instance

of one who is competent to become a party in the first and to obtain adequate redress in that. The authorities are decisive on the point, and the conflicts and perplexities attending the prosecution of several actions having the same object in view, are an ample vindication of the principle. *Childs* v. *Martin,* 69 N. C., 126; *Haywood* v. *Haywood,* 79 N. C., 42.

4. The receivers attempted to be appointed are defendants in this case, and will not be allowed to frustrate and defeat the present action of the court.

Without recurring to the unseemly haste with which the suit of Roberts is instituted and prosecuted without showing the defence of a previous acquired jurisdiction, and the inferences which might be thence drawn of collusion, it is sufficient to say it cannot be allowed to impair the full exrcise of that jurisdiction or affect the legal proceedings thereunder.

I. An objection appearing on the record is interposed by the defendants to the competency of the two officers before whom, in the District of Columbia, on two separate occasions, the verification of the complaint is made by the plaintiff, to administer the oath and to the sufficiency in form of the verification of the plaintiff's attorney before the judge who entertained the motion. The plaintiffs swear to the truth of the allegations contained in the complaint, used as an affidavit to support them, put in on February 7th, 1880, before a notary public, and then on March 19th, following, before a duly appointed commissioner of the state for the district. It is supported by the oath of his attorney before the presiding judge on February 11th, and again more fully on the 16th of that month.

Without pausing to inquire whether the same strictness in the form of verification is required in an affidavit to be used in obtaining some ancillary protection or relief in the progresss of the cause, which may or may not be met by

opposing evidence at the will of the other party, as in a complaint which entitles the plaintiff to a discovery of the facts charged, which are known to the defendant, or on information believed to exist, (and the written statement here, though in form a complaint, is in legal contemplation an affidavit only for the purposes it is intended to subserve in obtaining the order) we are of opinion that the oath before the state commissioner is fully sufficient, authenticated as it is with his official signature and seal.    Bat. Rev., ch. 20, § 3; *Paige* v. *Price*, 78 N. C., 10.    Hence it is needless to consider the affidavits of the attorney.

II. The defendants also except to the admission of further proofs additional to the affidavit offered in support of the motion, in response to the numerous proofs and exhibits introduced by themselves in opposition to the motion.    We do not see the force of the objection, nor any just reason for excluding what the plaintiff proposed to show in rebuttal, upon an inquiry in which the facts material to the judgment ought to be fully developed and understood, under the exercise of a sound discretion in the premises, and in order that His Honor may be thus intelligently advised and enabled to act upon the whole case presented by both parties, and this is consistent with the practice under the Code.

III. It is also insisted that the plaintiff is not a stockholder by virtue of the assignments of shares, until the transfer is made upon the corporation books, and has no status on which, as such assignee, to prosecute the suit.    We shall not enter into a discussion of the question raised by this exception, whether such assignment, previous to and without a transfer by the surrender of the old and the issue of a new certificate (a mode necessary to enable a corporation to know who are its share-holders, and may participate, as such, in its management) does not vest in the assignee, as between the assignor and himself, an interest which will be recognized and protected in the exercise of its equitable

jurisdiction by the court, since the law is well settled by authority and numerous adjudications. 1 Potter Corp., 342, 260 ; Angell and Ames Corp., 564, 565; Thomp: Liab. Stock., § 217 ; *Duke* v. *Catawba Nav. Co.,* 10 Ala. (N. S.), 82 ; *Johnson* v. *Underhill,* 52 N. Y. (Ct. Appeals), 203 ; *Bank* v. *Bank,* Cir. Ct. U. S., decided May, 1881 ; *Dickinson* v. *Bank,* 129 Mass., 279.

We have felt some difficulty in sustaining the judgment on account of the absence of the present Western North Carolina railroad company, as a party to the cause, since the assets of the Western Division, or some of them, may have been recovered by the legislative appointee during its subsequent life, and thence passed to the successor corporation, and an order may become necessary for the surrender of such to the receiver.

But as it does not appear that any assets were recovered and reduced to possession under the judgment in the case first referred to in the opinion, and no suggestion to this import is made, we assume, in determining this appeal that the assets remain with the late directors and other officers, who are defendants, and the order can thus reach them and be made effectual without the presence of the new corporation in the record.

The judgment below must therefore be affirmed, there being no error in the ruling. This will be certified for further proceedings in the court below.

No error.                                    Affirmed.