Tayxor, Chief-Justice
 

 It is to be decided in this case, whether the facts set forth in the indictment, and which áre affirmed by the finding of the Jury, constitute an indictable offence at common law. The charge in substance, is, that the Defendants conspired together to defraud and cheat the prosecutor out of his goods ; and to accomplish that end, they procured him to be intoxicated, and engaged him to play at cards, when they fraudulently cheated him out of three hundred dollars. Conspiracy was anciently confined to imposing by combination a false crime upon any person, or conspiring to convict an innocent person, by perjury and a perversion of the law. But it is certain, that modern cases have extended the doctrine far beyond the old rule of law, and it has long been established that every conspiracy to injure individuals, or todo acts which are unlawful, or prejudicial to the community, is a conspiracy, and indictable. As where divers persons confederate together by indirect means to impoverish another; or fals' ly and maliciously to charge a man with being the reputed father of a bastard child ; or to maintain one another in any matter, whether it is true or false, ( l
 
 Hawk.
 
 446,
 
 sec.
 
 2). Playing at cards for money is in itself unlawful, and w here two persons conspire together to make an unlawful act the means of doing an injury to, or impoverishing another, it is stronger than many of the cases which have been held indictable. Even a hare conspiracy to do a lawful act, to an unlawful end, has been held indictable, though no act was done in consequence thereof, (8
 
 Mod.
 
 321). The conspiracy to do the act constitutes the offence, though if an individual only were concerned, the offence must have been complete before the indictment would lie. The line of distinction is accu
 
 *359
 
 rately marked in
 
 Wheatly’s case
 
 (2
 
 Burr.
 
 1125) between cheats perpetrated by an indhidual, and whicli can only be effected by false token*, and a conspiracy between two or more to commit the like offence.. The indictment was at Common Law, and against a brewer, for that lie, “ intending to deceive and defraud A. W. of bis money, falsely, fraudulently and deceitfully, sold and delivered to him, sixteen gallons of amber, for. and as eighteen gallons of the same liquor, and received fifteen shillings as for the eighteen gallons, knowing there were only sixteen gallons.” The Court were clearly of opinion, that the offence was not indictable,, but only a ci\il injury, for which an action lay to recover damages.
 
 Lord Mansfield
 
 said, it amounted only to an unfair dealing, and an imposition on this particular man, by which he could not have suffered, but from his .own carelessness in not measuring it,* whereas fraud, to be the object'of criminal prosecution, must be of that kind,-which in its nature is calculated to defraud numbers,, as false weights or* measures, false tokens,
 
 or "where there is a conspiracy.
 
 There are various instances of convictions in the, books, for cheats, in their nature private, and without false tokens, but they wrnre indicted as conspiracies
 
 ;
 
 nor could the indictments have been sustained without this circumstance.
 
 (Regina
 
 v.
 
 M’Karty,
 
 2
 
 Ld. Ray.
 
 1179. 2
 
 East’s P. C.
 
 823). There is a very strong case in 1
 
 Mass. Rep.
 
 478, where the Defendants were indicted and convicted of a conspiracy to cheat the prosecutor out of his goods, by obtaining credit for them, on the false assertion that they were about to set up a retail store. No motion was there made in arrest of judgment. Upon the whole, I think this indictment sustainable on Common Law principles,. and that it describes a complicated offence, much more aggravated than many of the cases in the books, on which convictions have taken place.; for here is a cheating by means of a conspiracy — making the prosecutor drunk, and playing at cards.
 

 Per Curiam. — Judgment affirmed.