Battle, J.
 

 We cannot distinguish the principle which must
 
 *210
 
 govern this case from that which was decided by this Court in the
 
 State
 
 v.
 
 Tisdale, 2
 
 Dev. & Bat. Rep. 159. In that case, the defendant pleaded a former conviction for the same offence in the County Court. The Attorney General for the State replied, that before the prosecution commenced in the County Court, the present bill was found against the defendant, and that the prosecution had been regularly kept up. To this replication the defendant rejoined that he had no legal notice of the prosecution in the Superior Court, before his conviction in the County Court, and to this rejoinder the Attorney General demurred. The demurrer was overruled and judgment given for the defendant, which was affirmed by this Court.
 

 The only difference between the replication in that case and the present, consists in the allegations in this, that the defendants had knowledge of the bill having been found in the Superior Court, and procured an indictment to be found against them in the County Court, and voluntarily submitted thereon, and paid the fine which the Court imposed upon them. The replication does not state that the defendants had been arrested upon a
 
 capias
 
 issued from the Superior Court before they were indicted in the County Court, and we must take it that the fact was not so. Their knowledge of the bill having been found in the Superior Court cannot then vary the result. As was said in the
 
 State
 
 v.
 
 Tisdale, “
 
 the defendant had no day in the Superior Court — he having neither been arraigned nor even arrested oh the bill in that Court. Until he had a day in Court on that indictment, he was not
 
 vex-alus
 
 thereby, and stood in relation thereto on the same fooling as if he had been put without day by a
 
 nolle prosequi
 
 thereon ; in which last case, it is laid down in
 
 McNeill’s case,
 
 3 Hawks Rep. 183, that he would be amenable on another indictment in
 
 any Court
 
 having jurisdiction
 
 of the
 
 offence.5 ’ How the other allegation, that he procured an indictment to be found against him in the County Court and submitted thereon, can alter the case we cannot imagine. Certainly it is no fraud on the law for a man who has violated it to come forward and voluntarily submit to the judgment of a Court having full jurisdiction of the offence. The Legislature, by giving a concurrent jurisdiction to the County and Superior Courts over assaults and batteries, assumes that either,
 
 *211
 
 and one not more nor less than the other, will fully exercise its powers and perform its duties thereto. But it is said that persons committing aggravated batteries may and often do, by the means resorted to in this case, manage to escape with a lighter punishment in the County Court than would have been imposed in the Superior Court. That may be so ; and if it is so, it is an evil which it is the province of another department of the Government to redress.
 

 The judgment must be affirmed.
 

 Pee Curiam. Judgment accordingly.