L. D. CHILDS *et al. v.* S. N. MARTIN *et al.*

Where two or more Courts have equal and concurrent jurisdiction of a case, that Court in which suit is first brought acquires jurisdiction of it, which excludes the jurisdiction of the other Courts.

The persons who allege that the judgment had been obtained in the first action by a fraudulent combination and contrivance, instead of bringing a second action, in another Court, ought to have made themselves parties to the first action and to have asked as "a motion in the cause" to have the judgment reheard, and in the meantime for a supersedias, &c.

This was a CIVIL ACTION brought to the Superior Court of the county of MECKLENBURG, in which the plaintiffs complained of a judgment which the defendants had obtained in the Superior Court of New Hanover county by a fraudulent combination and contrivance, and they prayed for an injunction against it. The case coming on to be heard before his Honor, *Logan, J.,* he made an order granting the injunction, and the defendants appealed.

*Strange* and *W. P. Bynum,* for the defendants.
*Busbee & Busbee,* and *H. W. Guion,* for the plaintiffs.

PEARSON, C. J. "The rule is where there are Courts of equal and concurrent jurisdiction, the Court posseses the case in which jurisdiction first attaches." *Merrill* v. *Lake,* 16 Ohio, 373.

CHILDS *et al. v.* MARTIN *et al.*

This rule is so consonant with reason, and the necessity for such a rule in order to prevent confusion and conflict of jurisdiction is so obvious, that further comment is unnecessary, and we will simply refer as a matter, within the knowledge of every member of the profession, to the deplorable condition of things in the State of New York, resulting from a violation of this rule exhibited in the newspapers under the title of the "Erie Row."

The Judge of the Superior Court of the county of New Hanover was possessed of the case. Suppose the judgment before him was obtained by a fraudulent combination and contrivance between the bondholders and the President and directors of the Wilmington, Charlotte and Rutherford Railroad Company, the plaintiffs in this action were at liberty to make themselves parties to the action in New Hanover, and to ask as "a motion in the cause" to have the judgment reheard, and in the meantime for a *supersedias* of the order of sale.

Instead of pursuing this regular and orderly mode of proceeding, the plaintiffs in this action adopt the erratic and unprecedented course (except that exhibited in the "Erie Row") of bringing another action before the Judge of the Superior Court of the county of Mecklenburg, and actually obtain an injunction not only against the parties to the action in the Superior Court of New Hanover but against the commissioners appointed by that Court, and ordered to make sale, and the result is this, if the commissioners obey the order of the Superior Court of New Hanover they are in contempt of the Superior Court of Mecklenburg, and if they obey the order of the latter Court, there is a contempt in regard to the former. "*Reductio ad absurdum.*"

The order appealed from is reversed, as improvidently granted, and the action is dismissed for want of jurisdiction.

This opinion will be certified.

PER CURIAM.      Order reversed and action dismissed.