STATE v. ALFRED WILLIFORD and others.

*Jurisdiction, binding over of party to court does not give—Exception to Evidence—Declarations of Accused—Res gestæ.*

1. Where courts have concurrent jurisdiction, that court possesses the case in which jurisdiction first attaches, as here, by the finding of the indictment. The fact that defendant was bound over to one of said courts and the return of the warrant made, does not necessarily give jurisdiction to such court.

2. An exception to evidence should state the testimony that this court may see and determine its effect.

3. What a defendant says is always received against him when pertinent to the issue, but not for him unless it be a part of the *res gestæ;* hence on trial of an indictment for forcible trespass, *it was held* no error to exclude the declarations of defendant while on his way to the prosecutor's house.

(*Childs* v. *Martin,* 69 N. C., 126; *State* v. *Tisdale,* 2 Dev. & Bat., 159; *State* v. *Casey,* Busb., 209; *Haywood* v. *Haywood,* 79 N. C., 42; *State* v. *Yarborough,* 1 Hawks. 78; *State* v. *Cowan,* 7 Ired., 239; *State* v. *Tilly,* 3 Ired., 424; *State* v. *Worthington,* 64 N. C., 594; *State* v. *Howard,* 82 N. C., 623; *State* v. *Bryson,* Winst., 86, cited and approved.)

INDICTMENT for forcible trespass tried at Spring Term, 1884, of HERTFORD Superior Court, before *Gudger, J.* Verdict of guilty, judgment, appeal by the defendants.

*Attorney General,* for the State.
No counsel for defendants.

ASHE, J. The first point presented by the record was whether a plea in abatement to the jurisdiction of the court would lie.

The facts were these: The alleged forcible trespass was committed on the 25th of August, 1883, upon the house

34

and premises of one Holloman; that soon thereafter and before the fall term, 1883, of Hertford superior court, a warrant was issued against these defendants and one Lassiter by a magistrate of Hertford county, and on the hearing before said magistrate these defendants, (Lassiter not having been arrested,) were bound over to appear at February term, 1884, of the inferior court of Hertford county, to answer the charge of forcible trespass; that at fall term, 1883, of the superior court for said county, this indictment was found and writs of *capias* were issued, upon which in March, 1884, and later, these defendants were arrested and gave bond for their appearance at spring term, 1884, of the superior court; that the defendants appeared at the February term, 1884, of the inferior court of said county, when an indictment for the same offence was found by the grand jury of that court against the defendants, and the case was continued to August term, 1884, of said court, and the defendants entered into a recognizance to appear at said August term.

The defendants pleaded in abatement that the inferior court had jurisdiction of the case, but His Honor overruled the plea, and the defendants excepted.

The plea in abatement was properly overruled. The superior and inferior courts had concurrent jurisdiction of the offence of which the defendants were charged. THE CODE, § 1241, and the act of 1879, ch. 302. And when two or more courts have equal or concurrent jurisdiction of a case, that court possesses the case in which jurisdiction first attaches. *Childs* v. *Martin*, 69 N. C., 126; *State* v. *Tisdale*, 2 Dev. & Bat., 159; *State* v. *Casey*, Busb., 209; *Haywood* v. *Haywood*, 79 N. C., 42; *Merrill* v. *Lake*, 10 Ohio, 373; *State* v. *Yarborough*, 1 Hawks, 78.

Here, the offence was committed in August, 1883, and at fall term, 1883, of the superior court the bill of indictment

upon which the defendants were tried and convicted was found.

The superior court thereby took jurisdiction of the case. No bill of indictment was found in the inferior court until its February term, 1884, after the superior court had taken possession of the case. The inferior court could not be said to have taken jurisdiction from the fact that the warrant issued in August, 1883, was returnable, and the defendants recognised to appear at the February term of said court; for the return of a warrant to a court does not necessarily give jurisdiction to such court, for the court may still fail to take cognizance of the case by proceeding with the prosecution. It was the duty of the magistrate under the act of 1879, to bind the defendants to the superior court, that being the first court after the arrest. But although the magistrate failed in his duty in this respect, the superior court having taken jurisdiction of the case, its jurisdiction could not be ousted by binding over the parties to a subsequent inferior court.

When the jurisdiction is concurrent, it would seem that either court may take jurisdiction, and when no objection by plea in abatement is made to the jurisdiction, it may proceed to judgment; and such judgment may be pleaded in bar of the prosecution in the other court. To that effect was the decision of the court in the case of *State* v. *Tisdale, supra,* where a bill of indictment for assault and battery was found in the superior court against a person who was subsequently, but before being taken to answer the charge in the superior court, indicted and convicted in the county court for the same offence; it was held that the county court had jurisdiction of the case notwithstanding the bill found in the superior court, and to that bill he might plead his former conviction in the county court.

The other exception taken by the defendants was founded on the refusal of His Honor to admit proof of the declara-

tions of Lassiter when on his way to Holloman's house, as to the purpose of the defendants in going to said house. There was no error in this ruling. It is well settled that an exception of this character should set out the testimony proposed to be offered, that the court may see whether its rejection prejudiced the defendant. *State* v. *Cowan,* 7 Ired., 239. The exception is untenable on another ground. What a defendant says is always received against him when pertinent to the issue, but not for him, unless it be a part of the *res gestae. State* v. *Tilly,* 3 Ired., 424; *State* v. *Worthington,* 64 N. C., 594; *State* v. *Howard,* 82 N. C., 623; *State* v. *Bryson,* Winst., 86.

There is no error, let this be certified to the superior court of Hertford county that the case may be proceeded with according to law.

No error.                                                      Affirmed.