## STATE v. C. M. BOWERS.

### *Jurisdiction—Affray—Former Acquittal.*

1. The jurisdiction conferred upon the Superior and Criminal Courts to hear and determine indictments for affrays committed within one mile of the place where, and during the time, such Courts are being held, (The Code, §892,) is not exclusive, but concurrent with that of the Justices of the Peace.

2. Where a party is put on trial for an alleged offence, but the record does not disclose the result, it will be presumed that he was acquitted.

3. Where two Courts have concurrent jurisdiction of an offence, the judgment of that one which first passes judgment is a good defence against a prosecution in the other Court for the same offence.

(*State* v. *Taylor*, 84 N. C., 773; *State* v. *McNeill*, 93 N, C., 553; *State* v. *Tisdale*, 2 Dev. & Bat., 159, and *State* v. *Williford*, 91 N. C., 529, cited and approved).

This was an INDICTMENT for an affray, tried before *Montgomery, Judge,* at Fall Term, 1885, of the Superior Court of IREDELL county.

The defendant being convicted, appealed from the judgment thereupon pronounced.

The facts appear in the opinion.

*Attorney General,* for the State.
No counsel for the defendant.

MERRIMON, J.    The defendant and another, were indicted in the Superior Court of the county of Iredell, for a simple affray, "committed within one mile of the place where, and during the time such Court was being held." He pleaded *autrefois acquit.*

On the trial, it appeared that the mayor of the town of Statesville, in which the court-house of that county was situated, issued his warrant, charging the defendant and some other persons, with a simple affray committed in that town, and within a mile of the court-house where. the Superior Court was being held. The defendant produced in evidence, the docket of the mayor of

the day in which the affray was committed, and from it, " it appeared that the parties had been put upon their trial before the mayor, and the defendant Stockton was convicted and fined five dollars, and required to pay costs, and the defendant Bowers was released." There was evidence going to show that the offence charged in the indictment, and that for which the parties were tried before the mayor, were the same.

The Court being of opinion that the Mayor, acting as a Justice of the Peace, had no jurisdiction of such offence committed within a mile of the place where, and during the time the Superior Court was being held, so instructed the jury, and the defendant was convicted.

We think the Court placed an erroneous construction upon the statute, (The Code, §892). So much of it as is material to be here considered, provides that " Justices of the Peace shall have exclusive original jurisdiction of all assaults, assaults and batteries, and affrays, where no deadly weapon is used and no serious damage is done, and of all criminal matters arising within their counties, where the punishment prescribed by law shall not exceed a fine of fifty dollars, or imprisonment for thirty days: *Provided*, that Justices of the Peace shall have no jurisdiction over assaults with intent to kill, or assaults with intent to commit rape, except as committing magistrates : *Provided further,* that nothing in this section shall prevent the Superior, Inferior, or Criminal Courts, from finally hearing and determining such affrays as shall be committed within one mile of the place where, and during the time such Court is being held," &c.

It will be observed that this section, in that part of it that precedes the first *proviso*, confers upon Justices of the Peace " exclusive original jurisdiction " of affrays such as that charged in the indictment. The first *proviso, excludes* absolutely their jurisdiction of the offences mentioned in it. The second *proviso* does not in terms or effect exclude their jurisdiction of the class of affrays mentioned in it, If it had been the Legislative intent to do so, then the first *proviso* would have included this

offense, as well as those specified in it, and there would have been no occasion for the second.    The purpose was, as to such affrays, to limit the exclusive original jurisdiction conferred upon Justices of the Peace in the first clause of the section, so as to give *concurrent* jurisdiction thereof to the Superior, Inferior and Criminal Courts.    The words "finally hearing" employed in the second *proviso*, are not apt words to express the purpose intended, they are loose—indefinite—and seem to imply—to completely hear —that is, to hear and determine the affray from the beginning of it, in the way prescribed by law, but not to the exclusion of the jurisdiction of a Justice of the Peace to do the same thing.

We are unable to see any particular or controling motive leading the Legislature to confer exclusive jurisdiction of such affrays upon the Superior, Inferior, and Criminal Courts.    The interpretation we have given the statute, it seems to us, is reasonable, consistent with its terms, phraseology and several parts, and gives it intelligent and effectual operation.    It ought, therefore, to prevail.

The Court held that the Mayor, acting as a Justice of the Peace, had not jurisdiction.    In this, as we have seen, there is error.

No question was made in the court below, so far as appears, as to the competency of the evidence introduced to prove the plea. It was insisted on the argument before us, that it did not appear from it, that the defendant had been acquitted by the Mayor; that it only appeared that he was "released."

It was in evidence that he was put upon his trial, with the other defendant, before the Mayor.    It did not appear that there was any final judgment as to him, but it did appear that he was "released."    This must be taken as implying, nothing appearing to the contrary, that he was acquitted.    When a party is put on trial, in the absence of any verdict or judgment, the inference and legal effect is that he was acquitted.    *State* v. *Taylor*, 84 N. C., 773; *State* v. *McNeil*, 93 N. C., 553.

It was likewise insisted, that the indictment must have preceded, in point of time, the warrant of the Mayor, and, therefore, the jurisdiction of the Superior Court became exclusive. It certainly does not appear that the indictment preceded in time the warrant, nor is it material, because, if the Mayor had jurisdiction, as he had, and the case was tried before him and the defendant was acquitted, he might plead such acquittal in the Superior Court. *State* v. *Tisdale,* 2 Dev. & Bat., 159; *State* v. *Williford,* 91 N. C., 529.

The defendant is entitled to a new trial. To that end, let this be certified to the Superior Court.

Error.                                   Reversed.