THE STATE v. J. J. ROBERTS.

*Jurisdiction—Former Conviction and Acquittal.*

1. Until the expiration of six months from the commission of the offence justices of the peace have exclusive jurisdiction of all misdemeanors where the punishment cannot exceed fifty dollars fine or thirty days imprisonment ; after the expiration of the six months their jurisdiction is concurrent with that of the Superior Court.

2. If, while an indictment is pending in a Court having jurisdiction, the defendant is prosecuted for the same offence in another Court having concurrent jurisdiction, the judgment in the latter may be set up in bar of the former.

3. Whether the plea of former conviction or acquittal can be maintained if it be made to appear that the jurisdiction of the Court, whose judgment is pleaded, was fraudulently invoked or corruptly exercised—*quære.*

(*State* v. *Casey,* Busb., 209; *State* v. *Tisdale,* 2 D. & B., 159; *State* v. *Williford,* 91 N. C., 529; *State* v. *Bowers,* 94 N. C., 910; *State* v. *Watts,* 85 N. C., 517, and *State* v. *Moore,* 82 N. C., 659, cited).

CRIMINAL ACTION, tried before *Merrimon, Judge,* at September Term, 1887, of WAYNE Superior Court.

The defendant was indicted for having failed, as a merchant, to deliver a "sworn statement" of his purchases of goods made, &c., to the Register of Deeds of the county of Wayne, as required by the statute, (Acts 1885, ch. 175, §25,) and he pleaded that theretofore he had been duly convicted of the same offence before a justice of the peace of the same county.

Upon the trial of this plea the jury rendered a special verdict, from which it appeared that the defendant had been held to answer criminally, and convicted of the same offence charged in the indictment, more than two months next before he was arrested and held to answer to the latter; that, however, he had been *presented* by the grand jury of said county for said offence *before* he was so tried by the justice's Court, but the fact of such presentment was then unknown either to the defendant or the said justice.

Upon the facts found the Court was of opinion that the defendant had been duly convicted before the justice of the peace; a verdict was entered accordingly; the plea was sustained; there was judgment for the defendant, and the Solicitor for the State appealed to this Court.

*The Attorney General,* for the State.

No counsel for the defendant.

MERRIMON, J., (after stating the case). It seems that a justice of the peace failed to take official cognizance of the offence charged in the indictment within six months next after the same was committed. After the lapse of that time, the Court of a justice of the peace, the Superior, Criminal, and Inferior Courts have concurrent jurisdiction of such offences, although prior thereto only the Court of a justice of the peace had exclusive, original jurisdiction. *The Code,* §892; *State* v. *Moore,* 82 N. C., 659; *State* v. *Watts,* 85 N. C., 117; *State* v. *Bowers,* 94 N. C., 910.

It is settled, that although a party may be indicted for a criminal offence in a Court having jurisdiction of it, yet if pending that indictment, and before being held to answer thereto, he shall be indicted and convicted of the same offence in another Court having concurrent jurisdiction thereof, he may plead as a defence to the first indictment such former conviction, and have his plea sustained. This

has been repeatedly and uniformly held in this State. *State* v. *Tisdale,* 2 Dev. & Bat., 159; *State* v. *Casey,* Busb., 209; *State* v. *Williford,* 91 N. C., 529; *State* v. *Bowers, supra.*

In *State* v. *Casey, supra,* the plea of *former* conviction was sustained, although pending the indictment and before plea the defendant procured himself to be indicted in the County Court, and he there voluntarily submitted, was fined, and paid the same. In this case, at the time of the former conviction, neither the justice of the peace nor the defendant had knowledge that the latter had been presented in the Superior Court.

The Court of the justice of the peace had complete jurisdiction, and the conviction in that Court was just as effectual as if it had been in the Superior Court.

It is sometimes said that offenders frequently procure themselves to be prosecuted before justices of the peace, and thus by concert evade merited and adequate punishment. This such magistrates—indeed all magistrates—should scrupulously guard against. It is to be hoped that such evil does not much prevail. If a justice of the peace or other judicial officer should participate in or connive at such evasion of criminal justice he should be made to answer for corruption in office. It may be that such fraudulent evasion of justice would not be effectual, if made to appear by a proper pleading, in case of a subsequent prosecution for the same offence.

The Court, in this case, properly sustained the plea. There is no error. Let this opinion be certified to the Superior Court, according to law.

Affirmed.