G. F. HAMBLEY ET AL. v. H. W. WHITE & COMPANY ET AL.

(Filed 1 December, 1926.)

**Attachment—Courts—Jurisdiction—Levy—Actions.**

> Where there are several actions in attachment brought in our courts of general jurisdiction to subject thereto the same moneys of the same defendant, the court first acquiring jurisdiction by levy determines the priorities of the claimants, while the actions in the other jurisdictions continue for the purpose of establishing the claims of each of the plaintiffs against the defendant therein, also involving and determining the question of title; *S. c., ante,* 31.

APPEAL by several of the defendants from order of *McElroy, J.,* entered at the September Term, 1926, of ROWAN, as follows:

"Upon motion of counsel for the First National Bank of Jackson, Tenn., heretofore under former order of this court made a party defendant to this cause, and without prejudice to any order or orders heretofore made or any action or actions heretofore taken in this cause:

"It is ordered, that the Spray Cotton Mills, having its principal place of business at Spray, in Rockingham County, N. C., the Leward Cotton Mills, having its principal place of business in Randolph County, N. C., the Randolph Mills, Inc., having its principal place of business in Randolph County, N. C., the Arista Mills, having its principal place of business in Forsyth County, and Wenonah Mills, having its principal place of business in Davidson County, be, and they are hereby made and set down as party defendants in this cause, and the clerk of this court is hereby ordered forthwith to issue summons to each and every of the corporations above named in the usual form in which summons is issued from this court.

"It is further ordered that the injunction or restraining order heretofore issued in this cause by his Honor, Judge Henry P. Lane, at a former term of this court, shall continue and be in force and effect in all of its terms and provisions, the court being of the opinion that the true construction of the opinion or decision of the Supreme Court of North Carolina in the case of *Hambley & Co. v. White & Co.,* is that the several plaintiffs in the cases heretofore instituted against H. W.

White & Co., in the counties other than this county are restrained from proceeding in their several counties or courts to the trial of any other issue than the issue involved in each of said cases between the plaintiff therein and the defendants, H. W. White & Co., and are restrained from any further proceedings in so far as the title or ownership to the funds derived from the two sight drafts attached in this cause by the plaintiffs, Hambley & Co., are concerned.

"As upon a special appearance, the Spray Cotton Mills, The Leward Cotton Mills, the Randolph Mills, Inc., the Arista Mills and the Wenonah Mills each object and except to the foregoing order, and give notice of appeal to the Supreme Court.

"It is agreed between counsel that the case on appeal to the Supreme Court shall be made up of the transcript of the record on the former appeal, this order or judgment and the summons issued hereunder, together with any pleadings filed since the record in the former appeal was made up."

*Manly, Hendren & Womble and Ivie, Trotter & Johnston for Spray Cotton Mills.*

*J. A. Spence for Leward Cotton Mills and Randolph Mills, Inc.*

*Craige & Craige for Arista Mills.*

*Raper & Raper for Wenonah Mills.*

*Royster & Royster and Hobgood & Alderman for First National Bank of Jackson, Tenn.*

*J. H. Burke for Bank of Alexander.*

*Clement & Clement and R. Lee Wright for Second National Bank of Tennessee.*

STACY, C. J. The appeal presents the single question as to whether the trial court has correctly interpreted the decision rendered in this case at the Spring Term, 1926. *Hambley & Co. v. White & Co., ante,* 31.

Reference may be had to the case as first reported, for a full statement of the facts, as well as for the opinion, which has now become the law of the case. *Strunks v. R. R.,* 188 N. C., 567.

Each of the suits instituted by appellants is to be tried and prosecuted to judgment in the county of its rightful origin. This necessarily means that the garnishee must answer in each suit in the county of its institution or else run the risk of having judgment entered as provided by C. S., 820. It also means that the question of title to the property attached must be determined in each suit in the county of its origin, for in attachment, without personal service, this is a matter upon which jurisdiction depends. The fact that the question of title may be decided one way in some of the counties and differently in others is no

40—192

valid reason for denying to the present appellants the right to bring suit in their respective counties. Nor. is venue to be controlled by the convenience of interveners. The question of priority is the only one to be determined in Rowan Superior Court so far as the rights of appellants are concerned. For this purpose, it was proper to order that they be made parties defendant herein, but it was error to restrain them from proceeding plenarily in their respective counties to try the title or ownership to the funds derived from the two sight drafts, the subject of attachment in all the suits.

Let the cause be remanded for further proceedings not inconsistent with this opinion and the opinion heretofore rendered.

Error.