STATE v. A. H. RITTER, L. E. VAUGHN, WOLSEY WALL AND
ALEX McKENZIE.

(Filed 24 April, 1929.)

**1. Criminal Conspiracy A a—Definition of the crime.**

A criminal conspiracy is the unlawful concurrence of two or more persons in a scheme or agreement to do an unlawful act, or to do a lawful act in an unlawful way or by unlawful means, and does not require the accomplishing of the purpose in contemplation or any overt act in furtherance thereof.

**2. Criminal Conspiracy B a—Competency of evidence of coconspirator.**

> The acts and declarations of each conspirator, while done in further-
> ance of the unlawful purpose or the testimony of one of them in regard
> to the conspiracy, is competent evidence against them all, but testimony
> given by one of the conspirators of his acts done in the absence of the
> others and in derogation of the purpose of the conspiracy is incompetent
> against the others, and as to them its admission constitutes reversible
> error.

APPEAL by defendants, A. H. Ritter and L. E. Vaughn, from *Sink,
Special Judge,* at October Term, 1928, of RICHMOND.

Criminal prosecution tried upon an indictment charging A. H. Ritter,
L. E. Vaughn, Wolsey Wall and Alex McKenzie with conspiring, con-
federating and agreeing among themselves to kill and murder one Cleve-
land Cagle; and in carrying out said conspiracy, it is alleged that they
offered to pay one Charlie Patterson the sum of $200 to aid them in
their unlawful scheme, etc.

The evidence on behalf of the State tends to show that on Sunday,
3 July, 1927, A. H. Ritter, L. E. Vaughn and Alex McKenzie went to
the home of a colored man by the name of Charlie Patterson and told
him they would give him $200, and see that he was protected, if he
would induce Cleveland Cagle, on the following day, to come where they
could get hold of him; that they would drive their car below Cagle's
house, feign a breakdown, send Patterson to ask his help, and when he
came out to the road they would strike him with a club, run over him
with the car, and make it appear that his death was an accident, and
that they would have the sheriff with them so Patterson would have
nothing to fear. Ritter said Cagle had been tearing up their distilleries
and that he ought to be killed.

As the alleged conspirators were drinking, Patterson testified that he
paid very little attention to what they said.

But on the following day Alex McKenzie returned, and said to Pat-
terson—none of the others being present: "Those fellows that came here
yesterday won't do to fool with. I know them. I am white and you
are black. It won't do to do anything like that. They will break our
necks." The defendants Ritter and Vaughn, who alone were being tried,
duly objected to the introduction of this evidence. Overruled and ex-
ception.

Patterson, at the instance of McKenzie, called the sheriff and told
him of the proposition that had been made to him.

Ritter and Wall, but not Vaughn, came to Patterson's house about
10 o'clock on Monday, 4 July, as they had suggested the day before, but
left before the sheriff arrived.

Here the conspiracy seems to have ended.

Verdict: Guilty as to A. H. Ritter and L. E. Vaughn, the only ·defendants on trial.

Judgment: Imprisonment as to both in the State's prison at hard labor for a term of not less than four nor more than ten years.

The defendants appeal, assigning errors.      .      .

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*F. W. Bynum, Smith & Smith, L. B. Clegg and W. R. Clegg for defendants.*

STACY, C. J., after. stating the case: The gist of a criminal conspiracy is the unlawful concurrence of two or more persons in a wicked scheme—the agreement to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means—and it is said that the crime is complete without any overt act having been done to carry out the agreement. *S. v. Van Pelt,* 136 N. C., 633, 49 S. E., .177; *S. v. Dalton,* 168 N. C., 204; 83 S. E., 693; *S. v. Trammell,* 24 N. C., 379. "If two or more persons conspire to do a wrong, this conspiracy is an act 'rendering the transaction a, crime,' without any. step taken in pursuance of the conspiracy." *S. v. Brady,* 107 N. C., 822, 12 S. E., 325. The crime of conspiracy consists of the *conspiracy,* and not of its execution. *S. v. Younger,* 12 N. C., 357.

One who enters into a criminal conspiracy, like one who participates in a lynching, or joins a mob to accomplish some unlawful purpose, forfeits his independence and jeopardizes his liberty, for, by agreeing with another or others to do an unlawful thing, he thereby places his safety and security in the hands of every member of the conspiracy. The acts and declarations of each conspirator, done or uttered in furtherance of the common, illegal design, are admissible in evidence against all. "Every one who enters into a common purpose or design is equally deemed in law a party to every act which had before been done by the others, and a party to every act which may afterwards be done by any of the others, in furtherance of such common design." *S. v. Jackson,* 82 N. C., 565.      .      .

But to make the acts and declarations of one person those of another, or to allow them to operate against another or others, it must appear that there was a common interest or purpose between them and that said acts were done, or said declarations uttered, in furtherance of the common design, or in execution of the conspiracy. *S. v. George,* 29 N. C., 321.

Proof of the acts done in pursuance of the common design by one of the conspirators, even though not on trial, and of his declarations made after the entry of the defendants into the combination, and up to the

time when the offense was committed, is competent against all. *S. v. Turner,* 119 N. C., 841, 25 S. E., 810; *S. v. Anderson,* 92 N. C., 732. But declarations of one of the conspirators, made after the offense has been committed and in the absence of the others, are not competent against the others, because not uttered in furtherance of the common design. *S. v. Dean,* 35 N. C., 63.

The declarations of Alex McKenzie, made after he had abandoned the conspiracy, and not in furtherance of the common design, but in derogation of it, and in the absence of the other conspirators, while competent against him, yet, we think, are inadmissible as evidence against the defendants Ritter and Vaughn. *S. v. Dean, supra; S. v. George, supra.* Nor can the admission of this evidence be held for harmless error. It undoubtedly weighed heavily against the defendants.

There are other exceptions appearing on the record worthy of consideration, but as they are not likely to arise on another hearing, we shall not consider them now.

For error in the admission of incompetent evidence, as indicated, a new trial must be awarded; and it is so ordered.

New trial.