HENDERSON BUILDING AND LOAN ASSOCIATION AND I. B. WATKINS, TRUSTEE, v. S. B. BURWELL, CITY CLERK, THE CITY OF HENDERSON, CITIZENS BANK AND TRUST COMPANY AND FIRST NATIONAL BANK AND HENDERSON BUILDING AND LOAN ASSOCIATION AND I. B. WATKINS, TRUSTEE, v. J. E. HAMLETT, SHERIFF VANCE COUNTY; CITIZENS BANK AND TRUST COMPANY AND FIRST NATIONAL BANK.

(Filed 11 April, 1934.)

**Attachment E b: Taxation D b—Levy under attachment has priority over subsequent levy on personalty for payment of taxes.**

Where personal property is seized under valid writ of attachment prior to the time it is pointed out by a mortgagee or purchaser of real property from the owner of the personalty for the collection of taxes levied against the realty, N. C. Code, 8006, the levy on the personalty for taxes is

subject to the prior levy under attachment, and the attaching creditors are entitled to a prior claim on the proceeds of sale of the personalty. N. C. Code, 8008.

APPEAL by plaintiff from *Parker, J.,* and a jury, at November Special Civil Term, 1933, of VANCE. No error.

The record contains this agreement of counsel: "It is understood and agreed by the attorneys, representing the Henderson Building and Loan Association *et al.,* plaintiffs in this case, and the attorneys representing the defendants, S. B. Burwell *et al.,* and J. E. Hamlett *et al.,* that the pleadings herein filed against S. B. Burwell *et al.,* are the same as in the case of Henderson Building and Loan Association *et al. v.* J. E. Hamlett, sheriff, *et al.,* with the exception that S. B. Burwell did not file an answer, and stated that he would be guided by the court's decision in the case of Henderson Building and Loan Association *et al. v.* J. E. Hamlett *et al.,* and it is further agreed that the clerk of the Superior Court of Vance County, North Carolina, shall certify to the Supreme Court of the State of North Carolina only the case of Henderson Building and Loan Association *et al. v.* J. E. Hamlett *et al.,* and that S. B. Burwell *et al.,* will be guided by the court's decision in that case."

The judgment of the court below was as follows: "This cause coming on to be heard before Hon. R. Hunt Parker, judge presiding, and a jury, at the November Special Civil Term of Vance County Superior Court, 1933, on motion, the foregoing actions having been consolidated; the issue having been submitted to the jury and found as follows: When the Chrysler automobile, office furniture and fixtures, law library and bookcases of R. S. McCoin, as described in the complaint, were seized on 8 April, 1933, by J. E. Hamlett, sheriff of Vance County, and S. B. Burwell, city clerk and tax collector of Henderson, were they held under a valid attachment lien issued in the case of Citizens Bank and Trust Co. *v.* R. S. McCoin on 30 March, 1933? Answer: Yes. The court finding as a fact upon the admissions of the plaintiff that the property situated on Young Street in the city of Henderson and known as the McCoin office building on which plaintiff held notes secured by deed of trust, was sold under foreclosure by I. B. Watkins, trustee, on 25 March, 1933, at which time and place the Henderson Building and Loan Association, a solvent, going and responsible corporation, became the last and highest bidder in the sum of $12,500. That no advanced bid was made on said property, and no report thereof was made to the clerk of Superior Court of Vance County, and that more than ten days had elapsed from the date of the sale on 25 March, until the notice given by Henderson Building and Loan Association for said property under their bid made on 25 March, 1933, and said trustee credited said note with purchase price of said property in the sum of $12,500.

"Wherefore, on motion of A. A. Bunn and Perry & Kittrell, attorneys for defendants, it is ordered, adjudged and decreed that plaintiffs take nothing by their action; it is further ordered, adjudged and decreed that when other property belonging to R. S. McCoin attached by defendants has been sold and the proceeds thereof applied to their debt; if such proceeds from said other property is sufficient to pay the debts of said defendants as evidenced by judgments and attachments of said defendants in full, then and in that event, the money now in the hands of the clerk of the court, being the proceeds from the sale of the personal property now in controversy and amounting to $360.00, shall be subject to the tax levy of the sheriff of Vance County and the tax collector of the city of Henderson.

"It is further ordered, adjudged and decreed that the restraining order heretofore issued be and the same is dissolved, and the sheriff of Vance County and the tax collector of the city of Henderson authorized to proceed in the collection of taxes as provided by law in the cases of delinquent taxes. Plaintiffs' actions are dismissed and plaintiffs are taxed with the costs of these actions to be computed by the clerk.

R. HUNT PARKER, *Judge Presiding."*

The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Irvine B. Watkins and M. C. Pearce for plaintiff.*
*Perry & Kitlrell and A. A. Bunn for defendants.*

CLARKSON, J. We think that it is only necessary on this appeal to consider one question: Did the Citizens Bank and Trust Company, the defendant, have a prior right to plaintiff, on account of its attachment against the personal property of R. S. McCoin? We think so.

N. C. Code (Michie), 1931, section 7986, in part, is as follows: "Taxes shall not be a lien upon personal property, except where otherwise provided by law, but from a levy thereon," etc. The lien for the payment of taxes assessed against personal property attaches only from the date of levy thereon, subject to certain exemptions specified in Const., Art. V, secs. 3 and 5, *Carstarphen v. Plymouth,* 186 N. C., 90.

N. C. Code (Michie), section 8006, is as follows: "The personal property of the taxpayer shall be levied upon and shall be sold for the satisfaction of his taxes before resorting to his real estate, if sufficient personalty subject to levy and sale can be found in the county of the sheriff having the tax list in hand: *Provided,* it shall be incumbent upon the taxpayer, mortgagee or other lienholder on taxpayer's realty, if said mortgagee or other lienholder has notified the sheriff that he holds such mortgage or other lien, to point out to the sheriff personalty out of

which the taxes may be made or else such taxpayer shall forfeit his rights under this section and his real estate shall be subject to the lien for taxes as if no other property had been listed by him."

The defendant sheriff, J. E. Hamlett, testified: "I don't recall the date, but I had seized this same property under an attachment of the Citizens Bank and Trust Company before the property was pointed out to me for taxes. At the time the property was pointed out to me with request to levy on it for taxes, it was then in my custody under an attachment."

The plaintiff pointed out the property to the sheriff, after the warrant of attachment by defendant bank. In *Trust Co. v. McCoin, ante,* 272, this attachment was held valid. In *Penland v. Leatherwood,* 101 N. C., 510 (514): "There can be but one actual levy of one or more executions upon personal property at one and the same time, because the officer in making the same seizes or gets possession and control of it and has a special property therein and ownership thereof that excludes and prevents other like levies, which levy, however, as we have already seen, places the property in *custodia legis,* to be applied in proper cases if need be, to other executions. Other officers having like executions, may make other levies upon the same property, but these will be constructive in their nature and entitle the officers making them, in their order, to have the property or the proceeds of the sale thereof after the executions under and in pursuance of which the first actual levy proper was made shall be satisfied."

In *Hambley v. White,* 192 N. C., 31 (*S. c.,* 192 N. C., 624), 34, we find the following: "Attachment partakes of the nature of an execution before judgment (*Johnson v. Whilden,* 166 N. C., 104); and as the lien begins with the levy of the attachment (*McMillan v. Parsons,* 52 N. C., 163), it is subject to all others of prior date and superior to those of subsequent date. *Morehead v. R. R.,* 96 N. C., 362. As remarked by *Mr. Justice Matthews* in *Freedman's S. & T. Co. v. Earle,* 110 U. S., 717, 'It is the execution first begun to be executed, unless otherwise regulated by statute, which is entitled to priority.'"

Plaintiff cites N. C. Code, 1931 (Michie), 8008: "What subject of levy." We cannot give it the construction put on it by plaintiff, it does not impinge on the priority of the defendant bank, under its attachment. The position here taken is determinative of the controversy. The other matters we need not discuss. The exceptions and assignments of error made by plaintiff cannot be sustained. We find no error in the judgment of the court below.

No error.