STATE v. CLARENCE B. LEWIS AND HARRY MILLS.

(Filed 10 April, 1946.)

**1. Grand Jury § 3—**

The grand jury is not a trial court, but an investigatory body, and it is competent to send to the grand jury as many bills of indictment as may be necessary to get before it necessary witnesses and evidence from which it may decide the propriety of submitting the accused to trial.

**2. Criminal Law § 22—**

No question of double jeopardy is presented by the repeated investigation by the grand jury under bills of indictment, even though there be an identity of persons and description of offenses in the bills.

**3. Criminal Law § 62f—**

The trial court is without power even at the time of sentencing defendant to separate the term and provide that after serving a stipulated part of the sentence the balance should be suspended for a period of five years on condition of good behavior, since such provision is in effect an anticipatory parole and it is the spirit of the Constitution that the power of pardon, parole or discharge during the term of imprisonment should be the exclusive prerogative of the Governor.

**4. Criminal Law § 83—**

Where the trial court separates the term of sentence and provides that after serving a stipulated part of the term the balance should be suspended upon condition of good behavior, the case will be remanded for proper judgment rather than permit the valid portion of the judgment to stand, since it cannot be determined to what extent the sentence was affected by the ameliorating provisions.

APPEAL by defendants from *Gwyn, J.,* at November Term, 1945, of CALDWELL.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*W. H. Strickland for defendants, appellants.*

SEAWELL, J. The defendants were brought to trial on three bills of indictment, respectively, (a) charging Ed Church, Clarence Lewis and

Harry Mills with raping Emmie Green; (b) charging Clarence Lewis with raping Emmie Green; and (c) charging Harry Mills with assault on Estelle Jones with intent to commit rape.

The cases were consolidated for trial with the consent of the defendants. The solicitor announced in open court that he would not ask for a verdict against any of the defendants for the capital offense, but only in each case for assault with intent to commit rape as the evidence might justify.

The trial resulted in a verdict of not guilty as to Ed Church, and a verdict of assault on a female with intent to commit rape as to each of the defendants Lewis and Mills. These defendants appealed from the sentence imposed, and assigned errors covered by exceptions taken during the trial and to the judgments rendered upon the verdict.

We do not deem it necessary to print the evidence, either in summary or in full, since we find upon careful examination that the exceptions directed to it are not meritorious. Although sharply contradicted, the evidence was sufficient to go to the jury on the question of guilt as to each of the defendants, and the motions for judgment as of nonsuit were properly overruled. We can find no error relating to the admission or exclusion of evidence, as covered by the numerous exceptions addressed thereto.

However, there are two phases of the case which claim our attention:

1. At the same term of court two bills of indictment, one charging Ed Church with committing rape upon Emmie Green, and one charging Harry Mills with committing rape upon the same person, were returned "Not a true bill." The appellants urge that in the indictments found "Not a true bill" the grand jury had already passed upon the matters concerned, and the State was thereby estopped from presentation of other bills for the same offense, and the action of the grand jury in finding the true bills was ineffective. Apart from the discrepancies obvious upon comparison of the indictments, we do not think the objection could raise a serious question in trial procedure had there been an identity of persons and description of offenses in the indictments rejected with those found a true bill.

The grand jury is not a trial court, but an investigatory body, and no question of double jeopardy is presented by its repeated investigation under the bills presented to it. The Constitution, Article I, sec. 12, requires that "No person shall be put to answer any criminal charge, except as hereinafter allowed, but by indictment, presentment or impeachment," and this sufficiently explains the function of the grand jury as a part of the court. It is competent to send to the grand jury as many bills of indictment as may be necessary to get before them neces-

sary witnesses and evidence from which they may decide the propriety of submitting the accused to trial.

2. We have some difficulty in sustaining the judgments rendered against the defendants. The power of the court to suspend judgment in a criminal action upon proper condition is both inherent and statutory, but this has been understood as applying, at least in cases where the sole punishment is by imprisonment, to the judgment as a whole. But after sentencing each of the defendants to be confined in the State's Prison for a term of four years, his Honor undertook to separate the terms of imprisonment into two parts in the following way:

"Commitment to issue to put into effect forthwith two years of the term. The remainder of the term, to wit: two years, is suspended for a period of five years on the following conditions: That the defendant be of good behavior. That he violate none of the laws of the State. That he apply himself to legitimate, gainful occupation; that he support and maintain his wife and minor child or children according to his reasonable ability."

We do not doubt the wisdom and salutary effect of a judgment of this kind; but we can find no authority for its rendition.

After a defendant has begun the service of his term, or at least when that takes place after the adjournment of the court, it is beyond the jurisdiction of the judge to alter it or interfere with it in any way. The power of pardon, parole or discharge during the term of imprisonment is by the Constitution the exclusive prerogative of the Governor. While in this case the sentence in full was pronounced during the term of court, and while the convicted person was before the judge to receive his sentence, nevertheless, the form and effect of the sentence is substantially an anticipatory parole.

While it would be difficult to assert any direct conflict with the letter of the Constitution relating to parole, we believe it to be within the spirit of that instrument and the policy of our laws to leave the whole matter of discharge or release of prisoners who have begun serving their terms, whether absolutely or upon condition, to the pardoning or parole power of the Chief Executive, to be exercised in his discretion upon the facts as they exist at the time.

There is authority for the position that where the invalidity pertains to a separable part of the sentence, in the nature of an addition not affecting its integrity, that clause may be considered as surplusage and the judgment enforced. But the duty of meting out punishment to a convicted criminal is one of the gravest and most delicate tasks imposed upon a trial judge, demanding sound judgment and foresight. We have no way of knowing how much the sense of proportion and justice in the mind of the able judge who pronounced this sentence is reflected in its

ameliorating provisions. We think it is more consistent with justice and accepted practice to remand the case, as to each of the defendants, to the Superior Court of Caldwell County to the end that proper judgments may be rendered upon the verdict. It is so ordered.

Error and remanded.