## STATE v. L. C. PARKER.

(Filed 10 October, 1951.)

**1. Criminal Law § 44—**

A motion for continuance is addressed to the sound discretion of the trial court and its ruling thereon is not reviewable when no abuse of discretion appears upon the face of the record.

**2. Criminal Law § 12f—**

In those instances in which the Recorder's Court and the Superior Court are given concurrent jurisdiction, that court which first takes cognizance of the offense acquires the case, and when defendant enters a plea in abatement in that court which later issues process for the same offense, such plea should be sustained. G.S. 7-64; Chap. 269, sec. 6, Public-Local Laws 1911.

**3. Conspiracy § 3—**

A criminal conspiracy is an agreement between two or more individuals to do an unlawful act or to do a lawful act in an unlawful manner, the crime being the illegal agreement and not its execution.

**4. Criminal Law § 52a (3)—**

When the State relies upon circumstantial evidence, the circumstances must be such as to produce in the minds of the jurors a moral certainty of defendant's guilt, and exclude any other reasonable hypothesis.

**5. Conspiracy § 6—**

While a criminal conspiracy may be shown by circumstantial evidence, evidence tending to show merely that defendant was guilty of a criminal offense, but leaves in the realm of conjecture the question of his unlawful agreement with others to commit the offense, nonsuit on the charge of conspiracy should be granted.

**6. Intoxicating Liquor § 4a—**

Possession of any quantity of nontax-paid liquor is unlawful anywhere in this State without exception. G.S. 18-48.

**7. Intoxicating Liquor § 9b—**

Illegal possession of intoxicating liquor is *prima facie* evidence that its possession is for the purpose of sale. G.S. 18-11.

**8. Intoxicating Liquor § 4b—**

> Possession of intoxicating liquor in violation of statute may be either actual or constructive.

**9. Intoxicating Liquor § 9d—**

> Evidence tending to show that defendant had ninety-six gallons of intoxicating liquor in the basement of the tenant house on defendant's farm, and that defendant alone had the key to the door to the basement, is sufficient to support constructive possession.

**10. Criminal Law § 83—**

> Where separate judgment is entered on conviction of each count in the bill of indictment, and conviction on one or more of the counts cannot be sustained, the cause will be remanded to the trial court for proper judgment on the remaining counts.

APPEAL by defendant from *Hatch, Special Judge,* at Regular February Term, 1951, of JOHNSTON.

Criminal prosecutions upon two bills of indictment, each containing two counts, returned by grand jury at February Term, 1951, of Superior Court of Johnston County, charging that on 20 January, 1951, defendant unlawfully and willfully (1) did combine, conspire and confederate with one Elmo Allen to unlawfully possess intoxicating liquor upon which taxes due the United States Government and the State of North Carolina had not been paid; (2) have and possess ninety-six gallons of intoxicating liquor upon which taxes due the State of North Carolina and United States Government had not been paid; (3) did have and possess alcoholic liquors upon which taxes due the United States Government and the State of North Carolina had not been paid, for the purpose of sale; and (4) at divers other times prior thereto, transport upon a motor vehicle intoxicating liquors upon which taxes due the State of North Carolina and United States Government had not been paid, to all of which defendant pleaded not guilty.

However, upon the call of the case in Superior Court on Friday, 16 February, 1951, and before pleading, defendant moved for continuance for the term upon two grounds: (1) The bill of indictment having been returned on Wednesday, 14 February, 1951, and defendant having been arrested around 3 p.m., same day, and kept in custody until court adjourned, he had not had sufficient time to prepare his defense; and there were two material witnesses, naming them, who were absent, and for whom subpoena had been issued and returned by the officer showing that they were "not to be found in Johnston County"; and (2) the solicitor, in opposing defendant's motion for continuance, had made prejudicial statement in the presence of prospective jurors. The motions were denied—and defendant excepted.

Defendant then moved to quash the bill of indictment, in so far as the charge preferred against him in Recorder's Court of Johnston County on 20 January, 1951, as shown by warrant then issued out of said court, covers the charges in Superior Court. In support thereof defendant offered as evidence the two bills of indictments on which the prosecution rests, as hereinabove described, and the warrants so issued by the Recorder's Court. The charge in the warrant is possession on 20 January, 1951, of "A complete distillery for the manufacture of whiskey," and of "96 gallons of whiskey on which the tax imposed by the State of North Carolina and the tax imposed by the United States had not been paid." In addition thereto, defendant proposed to show by the sheriff the identity of the charge in the warrant and of like charge in the bills of indictment. Objection by the State was sustained.

In this connection the record shows that warrant for defendant was issued out of Recorder's Court on 20 January, 1951, upon affidavit of one of the officers taking part in the seizure of the intoxicating liquor here involved, and on 21 January, 1951, defendant was arrested by same officer under the warrant and placed in jail and kept there until he gave bond. Later he moved in the Recorder's Court for a jury trial. And it is admitted that, therefore, the charges contained in the warrant have not been tried or disposed of.

Motion to quash was denied and defendant excepted.

Upon the trial in Superior Court the State offered evidence tending to show substantially this narrative: Defendant, L. C. Parker, lives in Raleigh, but has a farm about 20 miles away in Cleveland Township, Johnston County, on which he has a tenant house in which Elmo Allen lives. The basement to this house is of cement blocks.

On 20 January last, about 10:30 o'clock a.m., officers of Johnston County, and a patrolman, went to said place of defendant. Elmo Allen and his wife were there but defendant was not. The officers walked around the house with Elmo Allen, and seeing black builder's paper over the basement windows, one of the officers asked what was in the basement, and "he said he didn't know, that he was not permitted in that part of the building and didn't have a key." As a result of the conversation, a search warrant was obtained. Allen still contended that he did not have a key.

In the basement the officers found sixteen cases of liquor—whiskey, in half-gallon jars—twelve jars to the case, making a total of 96 gallons. The cases were stacked against the windows,—four cases high. There was nothing on the jars to indicate that the tax had been paid. In the basement there was "some hog-feed" and "cement."

Elmo Allen talked with the officers,—and was arrested and taken to jail.

Defendant was arrested that night in Smithfield when he came down with a bondsman for Elmo Allen. He was put in jail also. He told the sheriff that one of the keys he had fitted the lock on the basement. The sheriff went that night to the home of Elmo Allen to see if the key fitted. He saw about 75 to 100 bags of cement in the basement. The next day defendant told the sheriff that "he was the only one who had a key to the basement." He made no statement to the officers about the whiskey.

Also upon the trial Elmo Allen, as witness for the State, testified in pertinent part: "I was at home the night . . . the whiskey was found in the basement of the house I lived in. The whiskey was Mr. Leon's . . . Hoover and Earl Parker made the whiskey out of sugar. They brought it there on Friday night on a pick-up truck at about midnight. Leon Parker was there . . . There is no door leading from upstairs to the basement,—the door being on the ground level, and I am not allowed in there unless he is there to open it. Mr. Leon had the key to the basement. I never had a key and had no right to go in . . . For the last two years whiskey belonging to L. C. Parker has been placed in the basement. I have helped put whiskey in that basement on several occasions . . . I would say 10 or 12 times—that whiskey belonged to L. C. Parker."

Defendant, on the other hand, testifying as a witness for himself, denied in all material aspects the testimony offered by the State, particularly that of the witness Elmo Allen, and denied that he owned, or had knowledge of the ninety-six gallons of intoxicating liquor found by the officers in the basement of his tenant's house. He testified that Elmo Allen used the basement for various purposes, in the operation of the farm, and had a key to the door through which the basement was entered; that he, the defendant, stored cement in the basement,—cement he used in his construction work; and that he used the key he had, in going in and out of the basement to put cement in, and to take it out.

Defendant also offered testimony of several witnesses tending to support his testimony.

The case was submitted to the jury.

Verdict: Guilty on all but one count. Not guilty as to transporting.

Judgment: That defendant be confined in the common jail of Johnston County to be assigned to work the roads under the supervision of the State Highway and Public Works Commission as follows: First Count: For a period of twelve months; Second Count: For a period of twelve months, to begin at the expiration of sentence in the first count, suspended for a period of five years, and defendant placed on probation five years upon condition that he pay a fine of $2,500.00 and costs; and Third Count: For a period of twelve months, to run concurrently with the first count.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*E. R. Temple and J. R. Barefoot for defendant, appellant.*

WINBORNE, J. Decision on the assignments of error brought forward in the brief of appellant requires express consideration of these questions:

1. Defendant's challenge to the ruling of the trial judge in denying his motion for a continuance at the February Term, 1951, on the grounds stated, is not well taken.

Our decisions are to the effect that this is a matter addressed to the discretion of the trial judge, and, in the absence of manifest abuse, his ruling thereon is not reviewable. And on the facts presented on this record, we are of opinion that no such abuse has been made to appear. See, among many others, these cases: *S. v. Riley,* 188 N.C. 72, 123 S.E. 303; *S. v. Lea,* 203 N.C. 13, 164 S.E. 737; *S. v. Banks,* 204 N.C. 233, 167 S.E. 851; *S. v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520.

2. The ruling of the court, on defendant's plea in abatement, erroneously designated "Motion to quash the bill of indictment" (*S. v. Shemwell,* 180 N.C. 718, 104 S.E. 885), as to the count (the second) charging unlawful possession of ninety-six gallons of intoxicating liquor on which taxes had not been paid, is questioned, and properly so, we hold.

The ground on which the plea is based is that the offense charged in this count is one over which the Recorder's Court of Johnston County had concurrent jurisdiction, and over which it had exercised jurisdiction prior to the finding of the bill of indictment in Superior Court.

In this connection, attention is directed to the Act of General Assembly of North Carolina, Public-Local Laws 1911, Chapter 269, by which the Recorder's Court of Johnston County was created. Section 6 of this act, in pertinent part, reads as follows: "Said court shall have all jurisdiction and power in all criminal cases arising in said county which are now or may hereafter be given to justices of the peace, and in addition to the jurisdiction conferred by this section, shall have concurrent original jurisdiction of all other criminal offenses committed in said county below the grade of felony, as now defined by law, and the same are hereby declared to be petty misdemeanors . . ."

Such being the case, the provisions of G.S. 7-64 are inapplicable in that this section of the General Statutes divests inferior courts of exclusive jurisdiction of certain criminal actions and declares that their jurisdiction of such actions shall be concurrent with Superior Court, and exercised by the court first taking cognizance thereof. *S. v. Reavis,* 228 N.C. 18, 44 S.E. 2d 354.

However, decisions of this Court are uniform in holding that where two courts have concurrent jurisdiction of a case, the court which first

acquires jurisdiction over the case retains it to the exclusion of the other court. *Childs v. Martin,* 69 N.C. 126; *In re Schenck,* 74 N.C. 607; *Haywood v. Haywood,* 79 N.C. 42; *Young v. Rollins,* 85 N.C. 485; *S. v. Williford,* 91 N.C. 529; *Worth v. Bank,* 121 N.C. 343, 28 S.E. 488; *Hambley v. White,* 192 N.C. 31, 135 S.E. 626; *Allen v. Ins. Co.,* 213 N.C. 586, 197 S.E. 200; see also McIntosh, N.C.P.&P., p. 62.

In *Childs v. Martin, supra,* and in others of the cases cited, the principle is expressed in this quotation: "The rule is where there are courts of equal and concurrent jurisdiction the court possesses the case in which jurisdiction first attaches." *Merrill v. Lake,* 16 Ohio 673.

And in *S. v. Williford, supra,* this Court in opinion by *Ashe, J.,* said: "Where the jurisdiction is concurrent, it would seem that either court may take jurisdiction, and when no objection by plea in abatement is made to the jurisdiction, it may proceed to judgment; and such judgment may be pleaded in bar of the prosecution in the other court."

But in the instant case plea in abatement is made in Superior Court to the count in question. Hence it is without jurisdiction to proceed to judgment thereon, and its judgment would not be a bar to further prosecution in the Recorder's Court for same offense. See *S. v. Tisdale,* 19 N.C. 159; *S. v. Casey,* 44 N.C. 209; *S. v. Williford, supra; S. v. Roberts,* 98 N.C. 756, 3 S.E. 682; compare *S. v. Bowers,* 94 N.C. 910.

In the case *S. v. Roberts, supra,* the Court said: "It is settled that although a party may be indicted for a criminal offense in a court having jurisdiction of it, yet if pending that indictment, and before being held to answer thereto, he shall be indicted and convicted of the same offense in another court having concurrent jurisdiction thereof, he may plead as a defense to the first indictment such former conviction and have his plea sustained."

But in the present case the Recorder's Court had issued warrant for defendant, and he had been held to answer the charge in that court, before the bill of indictment was obtained in Superior Court. Therefore, defendant's plea in abatement as to the second count in the bill of indictment on which he was indicted in Superior Court should have been sustained.

3. Appellant assigns as error the ruling of the court in denying his motion for judgment as of nonsuit on all counts, and particularly as to the count charging conspiracy. Taking the evidence in the light most favorable to the State, we are of opinion and hold that the evidence is insufficient to take the case to the jury on the conspiracy charge.

"A conspiracy is generally defined to be 'an agreement between two or more individuals to do an unlawful act or to do a lawful act in an unlawful way.'" *S. v. Dalton,* 168 N.C. 204, 83 S.E. 693. *S. v. Ritter,* 197 N.C. 113, 147 S.E. 733; *S. v. Lea, supra; S. v. Whiteside,* 204 N.C.

710; 169 S.E. 711; *S. v. Summerlin,* 232 N.C. 333, 60 S.E. 2d 322; *Muse v. Morrison, ante,* 195.

The crime of conspiracy consists of the conspiracy, and not its execution. *S. v. Younger,* 12 N.C. 357; *S. v. Ritter, supra; S. v. Wrenn,* 198 N.C. 260, 151 S.E. 261.

And the offense of unlawful conspiracy may be shown by circumstantial evidence. *S. v. Lea, supra; S. v. Whiteside, supra; S. v. Summerlin, supra.* But "when the State relies upon circumstantial evidence for a conviction, the circumstances and evidence must be such as to produce in the minds of the jurors a moral certainty of defendant's guilt, and exclude any other reasonable hypothesis." *S. v. Stiwinter,* 211 N.C. 278, 189 S.E. 868, and cases cited. See also *S. v. Madden,* 212 N.C. 56, 192 S.E. 859; *S. v. Miller,* 220 N.C. 660, 18 S.E. 2d 143; *S. v. Graham,* 224 N.C. 347, 30 S.E. 2d 151; *S. v. Webb,* 233 N.C. 382, 64 S.E. 2d 268, and cases cited.

4. But as to the third count, charging defendant with the unlawful possession of alcoholic liquors on which taxes had not been paid, for the purpose of sale, the evidence is sufficient to support a verdict of guilty.

The possession of nontax-paid liquor in any quantity anywhere in the State is, without exception, unlawful. G.S. 18-48; *S. v. McNeill,* 225 N.C. 560, 35 S.E. 2d 629; *S. v. Barnhardt,* 230 N.C. 223, 52 S.E. 2d 904.

Possession of liquor by any person not legally permitted to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of sale. G.S. 18-11, formerly C.S. 3411 (j); *S. v. Graham,* 224 N.C. 347, 30 S.E. 2d 151.

Moreover, possession within the meaning of the above statute, may be either actual or constructive. *S. v. Lee,* 164 N.C. 533, 80 S.E. 405; *S. v. Meyers,* 190 N.C. 239, 129 S.E. 600; *S. v. Penry,* 220 N.C. 248, 17 S.E. 2d 4; *S. v. Webb, supra.*

In the *Meyers case, supra,* it is stated: "If the liquor was within the power of the defendant in such a sense that he could and did command its use, the possession was as complete within the meaning of the statute as if his possession had been actual."

Thus, the evidence tending to show that ninety-six gallons of intoxicating liquor were found in the basement of the tenant house on defendant's farm, and tending to show that he alone had key to the door to the basement, is sufficient to support constructive possession.

Other exceptions directed against the charge, given by the court to the jury, and to failure of the court to charge in accordance with provisions of G.S. 1-180 have been given due consideration and fail to show error for which a new trial should be granted.

But the judgment will be set aside and the case will be remanded to the trial court to the end that proper judgment may be entered in accordance

with this opinion. *S. v. Lewis,* 226 N.C. 249, 37 S.E. 2d 691; *S. v. Malpass,* 226 N.C. 403, 38 S.E. 2d 156; *S. v. Braxton,* 230 N.C. 312, 52 S.E. 2d 895; *S. v. Camel,* 230 N.C. 426, 53 S.E. 2d 313.

Error and remanded.