STATE v. E. A. DAVIDSON, J. B. STOREY AND J. W. DAVIDSON.

(Filed 24 January, 1934.)

1. **Banks and Banking I f—Evidence held sufficient to be submitted to jury on issue of criminal conspiracy to make loans in violation of statute.**

Evidence that the president and cashier of a bank made loans to one of its directors or to corporations in which he was pecuniarily interested, and that each of the parties knew of the loans and the renewals thereof and that such loans were in excess of the legal limit to which the bank could loan to one person, direct or indirect, the loans being greatly in excess of twenty per cent of the capital stock and permanent surplus of the bank, N. C. Code, 220(b), (d), and that the loans were made with intent to cheat, injure or defraud the bank, *is held* sufficient to be submitted to the jury as to each defendant's guilt of criminal conspiracy to make loans in violation of the statute, punishable upon conviction by imprisonment in the State's prison, the fact that the loans were made by the parties under the conditions being a circumstance from which the jury could infer an agreement to make the loans with criminal intent.

2. **Conspiracy B b—**

Criminal conspiracy may be shown by facts and circumstances pointing unerringly to that end.

APPEAL by defendants from *Clement, J.,* at April Term, 1933, of CHEROKEE. No error.

This is a criminal action in which the defendants were tried on an indictment charging that the defendants, E. A. Davidson, J. B. Storey and J. W. Davidson, president, cashier, and a director, respectively, of the Cherokee Bank, at Murphy, N. C., wilfully, unlawfully and feloniously, did conspire, each with the others, to cheat, injure and defraud

the said Cherokee Bank by means of loans to be made by said defendants to the defendant, J. W. Davidson, or to firms or corporations in which the said defendant was pecuniarily interested, in violation of the banking laws of this State, said loans having been made and evidenced by certain notes set out in the indictment, and aggregating the sum of $18,755.55; and further that said defendants wilfully, unlawfully and feloniously did abstract, misapply and misappropriate moneys of the said Cherokee Bank, in sums aggregating $18,755.55, by loaning said sums to the defendant, J. W. Davidson, a director of the said Cherokee Bank, and a son of its president, the defendant, E. A. Davidson, in violation of the banking laws of this State; all contrary to the statute in such cases made and provided, and against the peace and dignity of the State.

There was a verdict of guilty as to each defendant.

From judgment that each defendant be confined in the State's prison for the term prescribed in the judgment, the defendants appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Moody & Moody, Geo. B. Patton and D. Witherspoon for the defendants, E. A. Davidson and J. W. Davidson.*

*M. W. Bell for the defendant, J. B. Storey.*

CONNOR, J. The evidence offered by the State at the trial of this action shows the following facts:

The Cherokee Bank was organized under the laws of this State in 1920, and began business as a banking corporation at Murphy, N. C., during the month of August of that year. It continued to do business until 3 October, 1931, when it was closed by the Commissioner of Banks of North Carolina, because of its insolvency. Its insolvency was disclosed by an examination of its affairs made under the direction of the Commissioner of Banks, and was admitted by its directors. Its assets are now in the possession of the said commissioner, by whom they are being liquidated as provided by statute. N. C. Code of 1931, sec. 218(c), chap. 113, Public Laws of N. C., 1927, as amended.

The capital stock of the Cherokee Bank from the date on which it began business until it was closed was $17,500. At the date of its closing, and for many years prior thereto, its permanent surplus was $500.00. Its capital stock and permanent surplus at the times the loans described in the indictment were made was $18,000. The examination of its affairs made under the direction of the Commissioner of Banks on or about 1 October, 1931, disclosed that the capital stock of the Cherokee

Bank was then and had been for some time impaired to the extent of $9,635. This impairment was the result of insolvent loans and shortages. The assets of the said bank are not now sufficient in value to pay more than 25 per cent of its liabilities. Its insolvent condition is due in part to the bad management of its affairs by its officers and directors, and in part to the general deflation in values which has occurred since 1929. Its loans were not only insolvent but also in many cases in violation of the banking laws of the State, particularly, in that loans were made to persons, firms and corporations whose total direct and indirect liability to said bank, at the time said loans were made, exceeded 20 per cent of the unimpaired capital stock and permanent surplus of said bank.

At the date of its closing, the defendant, E. A. Davidson, was the president of the Cherokee Bank. He had been its president continuously since its organization in 1920. He was at all times in the active management of the business of said bank, and at the times the loans described in the indictment were made knew not only that said loans had been made, but also that said loans were in violation of the law. These loans were evidenced by notes which were renewed from time to time, the last renewals having been made in 1930 and 1931. The said loans were made to the defendant, J. W. Davidson, a son of the defendant, E. A. Davidson, whose total liability to the said bank, direct and indirect, at the times the loans were made and the notes renewed largely exceeded 20 per cent of the unimpaired capital stock and permanent surplus of the bank.

The defendant, J. B. Storey, was cashier of the Cherokee Bank at the date of its closing. He was cashier of said bank at the times the loans described in the indictment were made, and at the times the notes and renewal notes for said loans were accepted by the said bank. He kept the records of the bank, and in the absence of its president from time to time made or renewed loans for the bank. He knew that the loans described in the indictment, made to the defendant, J. W. Davidson, were in violation of the law.

The defendant, J. W. Davidson, was at the date of the closing of the Cherokee Bank a director of said bank, and was active in the management of its affairs. He was a director at the times the loans described in the indictment were made to him. At the dates of said loans his total liability to the bank, both direct and indirect, largely exceeded 20 per cent of its unimpaired capital stock and permanent surplus. At the date of the closing of the bank, such liability exceeded the sum of $22,304.85. At the dates of the last renewals of these loans in 1930 and 1931, the said J. W. Davidson was insolvent. Since the closing of the bank, he and some of the corporations in which he was pecuniarily in-

24—205

STATE *v.* DAVIDSON.

terested, and to which the loans were made, have been adjudged bankrupts.

The defendants offered no evidence at the trial of the action, but moved for judgment dismissing the action as of nonsuit. C. S., 4643. The motion was denied and defendant excepted. There was no error in the denial of defendants' motion. The evidence was properly submitted to the jury.

It is an offense against the banking laws of this State for any bank doing business in this State, under its laws, to make a loan of its moneys to any person, firm or corporation, whose liability, direct and indirect, to such bank at the time the loan is made exceeds the maximum percentage of the unimpaired capital stock and permanent surplus of the bank, as fixed by statute. Such an offense is a misdemeanor. *S. v. Cooper,* 190 N. C., 528, 130 S. E., 180. Such maximum percentage as fixed by statute is now and was at the times the loans described in the indictment were made to the defendant, J. W. Davidson, 20 per cent. N. C. Code of 1931, sec. 220(b), and sec. 220(d).

An agreement by the officers and directors of a bank doing business in this State, under its laws, to make a loan in violation of the statute, certainly when entered into with an intent to cheat, injure or defraud the bank, is a criminal conspiracy, for which such officers and directors of the bank as have entered into the agreement, upon conviction, may be punished by imprisonment in the State's prison. *S. v. Ritter,* 197 N. C., 113, 147 S. E., 733.

Where the evidence at the trial of an indictment of two or more officers and directors of a bank for such criminal conspiracy shows, as in the instant case, that a loan was made by such officers and directors in violation of the statute, it may reasonably be inferred by the jury that such officers and directors entered into an agreement to make the loan before the same was made. The criminal character of the agreement may be inferred from facts and circumstances where they point unerringly to that end, as they do in the instant case. See *S. v. Wrenn,* 198 N. C., 260, 151 S. E., 261.

Assignments of error on this appeal based upon exceptions with respect to the admission of evidence at the trial, and upon exceptions to instructions of the court to the jury, have been carefully examined and considered. They cannot be sustained. We find no error in the trial. The judgment is affirmed.

No error.